Christopher Payne
PO BOX 1318, M/S 3147
SACRAMENTO, CA 95812
**(331) 272-0669**
**paynec9@icloud.com**
Petitioner, In Propria Persona

FILED

CLERK, U.S. DISTRICT COURT

12/29/25

CENTRAL DISTRICT OF CALIFORNIA

BY _____ MRV _____ DEPUTY

DOCUMENT SUBMITTED THROUGH THE
ELECTRONIC DOCUMENT SUBMISSION SYSTEM

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CHRISTOPHER SCOTT PAYNE,** | CASE NO.: 2:25-cv-12282-CV-KES |
| PETITIONER/PETITIONER, | **EMERGENCY COMPLAINT** |
| VS. | FOR: |
| | *1. VIOLATION OF PROCEDURAL DUE PROCESS (42 U.S.C. § 1983)* |
| **CITY OF GROVER BEACH,** | *2. VIOLATION OF FOURTH AMENDMENT (42 U.S.C. § 1983)* |
| A CALIFORNIA MUNICIPAL CORPORATION, | *3. DECLARATORY RELIEF (28 U.S.C. § 2201)* |
| RESPONDENT/RESPONDENT. | *4. INJUNCTIVE RELIEF* |
| | NAME OF JUDICIAL OFFICER: |
| | COURTROOM NUMBER: |
| | DATE & TIME OF HEARING: |

Petitioner Christopher Scott Payne ("Petitioner"), appearing in propria persona, brings this emergency action against Respondent City of Grover Beach ("Respondent") and alleges as follows:

## I. NATURE OF ACTION

1. This is a civil rights action brought pursuant to 42 U.S.C. § 1983 to redress violations of Petitioner's rights under the Fourth and Fourteenth Amendments to the United States Constitution. Petitioner seeks emergency injunctive relief, declaratory relief, and compensatory damages arising from Respondent's unlawful seizure and continued retention of Petitioner's motor vehicle following an administrative hearing conducted in violation of fundamental due process protections.

2. On December 13, 2025, Respondent's police officers arrested Petitioner without physical resistance and impounded Petitioner's 2019 Tesla Model 3 motor vehicle. Respondent subsequently conducted an administrative hearing on December 22, 2025, to determine whether the impoundment should be upheld. The hearing was conducted ex parte, without notice to Petitioner of the hearing date, time, location, or procedures, and without affording Petitioner any opportunity to participate, present evidence, or confront adverse evidence. Respondent provided no written decision with findings of fact or conclusions of law.

3. As a direct and proximate result of Respondent's constitutional violations, Petitioner has been deprived of shelter, forced into homelessness for fifteen (15) consecutive days, denied access to essential prescription medications valued at approximately Two Thousand Five Hundred Dollars ($2,500.00),

EMERGENCY COMPLAINT

and deprived of personal property valued at approximately Four Thousand Five Hundred Dollars ($4,500.00). Petitioner's vehicle faces imminent risk of lien sale, which would result in total and irreversible loss.

4. Petitioner brings this emergency action seeking immediate temporary restraining order relief to prevent irreparable harm to Petitioner's health, safety, and property rights pending full adjudication of the constitutional claims asserted herein.

## II. JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over Petitioner's federal claims pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1343(a)(3) (civil rights jurisdiction).

6. This Court has authority to grant declaratory relief pursuant to 28 U.S.C. § 2201 and injunctive relief pursuant to Federal Rule of Civil Procedure 65.

7. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Petitioner's claims occurred within this judicial district, and Respondent is located within this judicial district.

8. Petitioner seeks damages in an amount exceeding the sum of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs, calculated as follows: (a) direct economic losses including vehicle impoundment fees,

-3-

EMERGENCY COMPLAINT

towing charges, daily storage fees (currently accruing at $80.83 per day), replacement value of medications and property at risk of lien sale (approximately $14,867.83 as of December 28, 2025, and increasing daily); (b) compensatory damages for violations of clearly established constitutional rights, including emotional distress, pain and suffering, and mental anguish resulting from forced homelessness, medication deprivation, and constitutional violations (estimated at $30,000.00 to $60,000.00); and (c) costs and attorney fees pursuant to 42 U.S.C. § 1988.

**III. PARTIES**

9.  Petitioner Christopher Scott Payne is an individual residing in San Luis Obispo County, California. Petitioner is the registered owner of the motor vehicle that is the subject of this action. Petitioner appears in this action in propria persona.

10. Respondent City of Grover Beach is a municipal corporation organized and existing under the laws of the State of California, located in Grover Beach, San Luis Obispo County, California. At all times relevant to this action, Respondent acted under color of state law within the meaning of 42 U.S.C. § 1983.

**IV. FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS**

EMERGENCY COMPLAINT

**A. The December 13, 2025 Traffic Stop, Arrest, and Vehicle Impoundment**

11. On December 13, 2025, Petitioner was operating his 2019 Tesla Model 3 motor vehicle, Vehicle Identification Number 5YJ3E1EB5KF493547 ("the Vehicle"), within the City of Grover Beach, California.

12. A police officer employed by Respondent City of Grover Beach initiated a traffic stop of the Vehicle based on an alleged defaced rear license plate.

13. The rear license plate had been accidentally damaged by a third party immediately prior to the traffic stop. The damage was not intentional and Petitioner had not yet had opportunity to obtain a replacement plate.

14. At the time of the traffic stop, Petitioner possessed a valid California driver's license. A true and correct copy of Petitioner's driver's license is attached hereto as Exhibit 1 and incorporated herein by reference.

15. During the traffic stop, Petitioner asked questions of the officer regarding the basis for the stop and the officer's actions.

16. The officer arrested Petitioner for alleged violation of California Penal Code section 148(a) (resisting, delaying, or obstructing a peace officer). Petitioner did not engage in any physical resistance or obstruction, and was already handcuffed prior to the officers stating that Petitioner was resisting.

17. Following Petitioner's arrest, Respondent's officer ordered the Vehicle impounded as a "general impoundment due to arrest."

EMERGENCY COMPLAINT

18. The Vehicle was towed to Four Corners Tow, located at 909 South 4th Street, Grover Beach, California 93433.

19. As of the date of this Complaint, no criminal charges have been filed against Petitioner arising from the December 13, 2025 arrest. Fifteen (15) days have elapsed since the arrest without prosecution.

**B. Property Contained in the Impounded Vehicle**

20. At the time of impoundment, the Vehicle contained Petitioner's essential personal property, including but not limited to:

a. Prescription medications with an approximate replacement value of Two Thousand Five Hundred Dollars ($2,500.00), including Biktarvy 200-25 daily for HIV, Bactrim DS 800-160 daily for prophylaxis for PCP pneumonia, Lamictal for mood stabilization, and Gabapentin 200mg daily;

b. Personal property, clothing, documents, and other belongings with an approximate value of Four Thousand Five Hundred Dollars ($4,500.00);

c. Family photos and legal documents.

21. The medications contained in the Vehicle are essential for treatment of Petitioner's diagnosed medical conditions, including HIV, prophylaxis for PCP pneumonia, mood stabilization, and Complex PTSD requiring continuous treatment.

22. Petitioner last took the essential medications on December 12, 2025.

EMERGENCY COMPLAINT

23. Since being deprived of access to the medications, Petitioner has experienced gastrointestinal distress, mood destabilization, and panic attacks.

**C. Request for Administrative Hearing**

24. California Vehicle Code section 22852 provides that a registered owner whose vehicle has been impounded may request a post-impoundment administrative hearing to determine the validity of the impoundment.

25. On December 19, 2025, Petitioner timely submitted a written request for an administrative hearing to contest the Vehicle impoundment. A true and correct copy of the hearing request is attached hereto as Exhibit 2 and incorporated herein by reference.

26. Petitioner submitted the hearing request via facsimile transmission to Respondent. A true and correct copy of the facsimile transmission confirmation demonstrating receipt by Respondent is attached hereto as Exhibit 3 and incorporated herein by reference.

**D. The December 22, 2025 Ex Parte Administrative Hearing**

27. California Vehicle Code section 22852(e) requires that the administrative hearing be conducted in accordance with due process of law and that the

-7-

EMERGENCY COMPLAINT

hearing officer provide the vehicle owner with adequate notice and opportunity to be heard.

28. On December 22, 2025, Respondent conducted an administrative hearing regarding the Vehicle impoundment.

29. Respondent failed to provide Petitioner with any advance written notice of the date, time, or location of the December 22, 2025 hearing.

30. Respondent failed to provide Petitioner with notice of the hearing procedures, Petitioner's right to present evidence, Petitioner's right to testify, or Petitioner's right to cross-examine adverse witnesses.

31. The December 22, 2025 hearing was conducted entirely ex parte, without Petitioner's presence, participation, or knowledge that the hearing was occurring.

32. Respondent did not afford Petitioner any opportunity to present witnesses, testimony, or documentary evidence in support of Petitioner's position that the impoundment was unlawful.

33. Respondent did not afford Petitioner any opportunity to examine or cross-examine any evidence or witnesses presented in support of upholding the impoundment.

34. Following the ex parte hearing, Respondent's hearing officer determined to uphold the Vehicle impoundment.

EMERGENCY COMPLAINT

35. Respondent communicated the hearing outcome to Petitioner solely by means of a voicemail message left on Petitioner's telephone.

36. Respondent has not provided Petitioner with any written decision setting forth findings of fact, conclusions of law, or the evidentiary or legal basis for upholding the impoundment.

37. Upon information and belief, Respondent did not create a transcript, audio recording, or other record of the December 22, 2025 administrative hearing.

38. California Vehicle Code section 22852(e) provides that the decision of the hearing officer is final, with no further administrative appeal available.

39. Petitioner has exhausted all available administrative remedies. No further administrative proceedings are available under California law.

**E. Resulting Harms to Petitioner**

As a direct and proximate result of Respondent's unlawful retention of the Vehicle following the constitutionally deficient administrative hearing, Petitioner has suffered and continues to suffer the following harms:

a. **Homelessness:** Petitioner and Petitioner's fiancée have been without shelter for fifteen (15) consecutive days, from December 13, 2025 to the present, sleeping on public sidewalks in San Luis Obispo County, California;

b. **Exposure to Dangerous Weather Conditions:** During the period of homelessness, Petitioner has been exposed to nighttime temperatures ranging from

-9-

EMERGENCY COMPLAINT

approximately forty (40) to fifty (50) degrees Fahrenheit, without adequate shelter or protection from the elements;

c. **Medication Deprivation:** Petitioner has been completely deprived of access to essential prescription medications for fifteen (15) consecutive days, creating serious and documented health risks including rebound anxiety, panic attacks, pneumonia, and AIDS-related illnesses;

d. **Property Loss Risk:** The Vehicle and all property contained therein face imminent risk of total loss through lien sale proceedings pursuant to California Civil Code section 3071;

e. **Financial Harm:** Petitioner has incurred and continues to incur substantial financial losses, including:

i. Initial towing fee of Five Hundred Seventy-Four Dollars and Fifty-Five Cents ($574.55);

ii. Daily storage fees of Eighty Dollars and Eighty-Three Cents ($80.83) per day, totaling One Thousand Eight Hundred Sixty-Seven Dollars and Eighty-Three Cents ($1,867.83) as of December 28, 2025, and increasing by $80.83 for each additional day the Vehicle remains impounded;

40.iii. Loss of use of the Vehicle for transportation, shelter, and storage of personal property;

EMERGENCY COMPLAINT

f. **Emotional Distress:** Petitioner has suffered and continues to suffer severe emotional distress, humiliation, anxiety, and mental anguish as a direct result of the forced homelessness, medication deprivation, and ongoing violation of constitutional rights;

g. **Exacerbated Vulnerability:** Both Petitioner and Petitioner's fiancée are neurodivergent individuals with autism spectrum disorders, rendering them particularly vulnerable to the harms resulting from homelessness and deprivation of stability and routine.

**F. Respondent's Policies, Customs, and Practices**

41. Upon information and belief, Respondent City of Grover Beach maintains policies, customs, and practices regarding vehicle impoundment administrative hearings that systematically violate vehicle owners' procedural due process rights.

42. Upon information and belief, Respondent's policies, customs, and practices include the following:

a. Conducting impoundment administrative hearings without providing vehicle owners with advance written notice of the hearing date, time, and location;

b. Failing to provide vehicle owners with notice of hearing procedures, including the right to present evidence, the right to testify, and the right to

-11-

EMERGENCY COMPLAINT

cross-examine witnesses;

c. Conducting hearings ex parte without the vehicle owner's knowledge or participation;

d. Failing to create transcripts, audio recordings, or other records of administrative hearings;

e. Failing to issue written decisions containing findings of fact, conclusions of law, or explanation of the evidentiary and legal basis for the hearing officer's determination;

f. Communicating hearing outcomes solely via voicemail or other informal means without providing written documentation.

43. Upon information and belief, the policies, customs, and practices described in paragraph 42 are not isolated incidents but constitute systematic patterns affecting multiple vehicle owners subjected to impoundment proceedings conducted by or on behalf of Respondent.

44. Upon information and belief, Respondent's policies, customs, and practices were implemented or ratified by Respondent's final policymaking authority, including the City Council, City Manager, Police Chief, or other designated municipal official with authority to establish or approve procedures for vehicle impoundment hearings.

-12-

EMERGENCY COMPLAINT

45. Respondent's policies, customs, and practices demonstrate deliberate indifference to vehicle owners' clearly established constitutional rights to procedural due process.

46. Respondent's policies, customs, and practices directly caused the constitutional violations alleged herein and were the moving force behind the deprivation of Petitioner's constitutional rights.

**V. FIRST CLAIM FOR RELIEF**

**VIOLATION OF PROCEDURAL DUE PROCESS UNDER THE FOURTEENTH AMENDMENT**

**(42 U.S.C. § 1983)**

47. Petitioner incorporates by reference and realleges paragraphs 1 through 46 as though fully set forth herein.

48. The Fourteenth Amendment to the United States Constitution provides that no State shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1.

49. The procedural due process protections of the Fourteenth Amendment apply to municipal corporations acting under color of state law. Monell v. Department of Social Services, 436 U.S. 658, 690 (1978).

50. Petitioner possesses a constitutionally protected property interest in the Vehicle. Memphis Light, Gas & Water Division v. Craft, 436 U.S. 1, 9 (1978) (property interests protected by due process are created by state law).

51. The minimum requirements of procedural due process include: (a) notice reasonably calculated to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections, Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950); and (b) an opportunity to be heard at a meaningful time and in a meaningful manner, Mathews v. Eldridge, 424 U.S. 319, 333 (1976).

52. Respondent deprived Petitioner of procedural due process by conducting the December 22, 2025 administrative hearing without providing Petitioner with constitutionally adequate notice of the hearing.

53. Respondent deprived Petitioner of procedural due process by conducting the December 22, 2025 administrative hearing entirely ex parte, without affording Petitioner any opportunity to be heard, to present evidence, to testify, or to confront and cross-examine adverse witnesses.

54. Respondent deprived Petitioner of procedural due process by failing to provide Petitioner with a written decision setting forth findings of fact, conclusions of law, or the evidentiary and legal basis for the hearing officer's determination. Topanga Association for a Scenic Community v. County of

EMERGENCY COMPLAINT

Los Angeles, 11 Cal. 3d 506, 514-515 (1974) (administrative findings required as safeguard against arbitrary decisionmaking).

55. Respondent deprived Petitioner of procedural due process by failing to create a transcript, audio recording, or other record of the December 22, 2025 administrative hearing, thereby precluding meaningful judicial review.

56. Respondent's December 22, 2025 administrative hearing was conducted by a hearing officer who acted as investigator, prosecutor, and adjudicator, violating Petitioner's right to a neutral and detached decisionmaker. Haas v. County of San Bernardino, 27 Cal. 4th 1017, 1034 (2002).

57. The procedural deficiencies described in paragraphs 52 through 56 constitute egregious violations of clearly established constitutional law and cannot be characterized as mere technical irregularities.

58. As a direct and proximate result of Respondent's denial of procedural due process, Petitioner has been deprived of the Vehicle and all property contained therein, forced into homelessness, denied access to essential medications, and subjected to ongoing financial harm, emotional distress, and risk of total property loss through lien sale.

59. Respondent's violations of Petitioner's procedural due process rights were committed pursuant to Respondent's policies, customs, and practices as

-15-

EMERGENCY COMPLAINT

alleged in paragraphs 41 through 46, thereby establishing municipal liability under Monell v. Department of Social Services, 436 U.S. 658 (1978).

60. Respondent acted with deliberate indifference to Petitioner's clearly established constitutional rights.

**VI. SECOND CLAIM FOR RELIEF**

**UNREASONABLE SEIZURE UNDER THE FOURTH AMENDMENT**

**(42 U.S.C. § 1983)**

61. Petitioner incorporates by reference and realleges paragraphs 1 through 60 as though fully set forth herein.

62. The Fourth Amendment to the United States Constitution provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. amend. IV.

63. The Fourth Amendment applies to the states through the Fourteenth Amendment and protects against unreasonable seizures of property by state and municipal actors. Mapp v. Ohio, 367 U.S. 643, 655 (1961).

64. The impoundment and continued retention of a motor vehicle constitutes a seizure within the meaning of the Fourth Amendment. Miranda v. City of Cornelius, 429 F.3d 858, 864 (9th Cir. 2005).

-16-

EMERGENCY COMPLAINT

65. The reasonableness of a seizure depends on a balance between the public interest and the individual's right to personal security free from arbitrary interference by government officials. United States v. Brignoni-Ponce, 422 U.S. 873, 878 (1975).

66. While the initial impoundment of the Vehicle incident to Petitioner's arrest on December 13, 2025 may have been authorized under California law, the continued retention of the Vehicle for fifteen (15) days following the arrest, without the filing of criminal charges and following a fundamentally unfair administrative hearing, constitutes an unreasonable seizure under the Fourth Amendment.

67. Respondent lacks probable cause or any other constitutional justification for the continued retention of the Vehicle. No criminal charges have been filed against Petitioner. The arrest for violation of California Penal Code section 148(a) involved no physical resistance and arose solely from Petitioner asking questions during a traffic stop.

68. The prolonged retention of the Vehicle serves no legitimate governmental interest and is disproportionate to any legitimate law enforcement objective.

69. Respondent's continued retention of the Vehicle has deprived Petitioner of essential property, including medications necessary for Petitioner's health and safety, thereby exacerbating the unreasonableness of the seizure.

EMERGENCY COMPLAINT

Miranda v. City of Cornelius, 429 F.3d at 865 (prolonged retention of vehicle containing personal property without adequate justification violates Fourth Amendment).

70. As a direct and proximate result of Respondent's unreasonable seizure and continued retention of the Vehicle, Petitioner has suffered the harms described in paragraph 40, including homelessness, medication deprivation, financial loss, and emotional distress.

71. Respondent's unreasonable seizure of the Vehicle was committed pursuant to Respondent's policies, customs, and practices as alleged in paragraphs 41 through 46, thereby establishing municipal liability under Monell v. Department of Social Services, 436 U.S. 658 (1978).

72. Respondent acted with deliberate indifference to Petitioner's clearly established Fourth Amendment rights.

**VII. THIRD CLAIM FOR RELIEF**

**DECLARATORY RELIEF**

**(28 U.S.C. § 2201)**

73. Petitioner incorporates by reference and realleges paragraphs 1 through 72 as though fully set forth herein.

-18-

EMERGENCY COMPLAINT

74. An actual controversy exists between Petitioner and Respondent regarding the constitutionality of Respondent's vehicle impoundment administrative hearing procedures and the constitutionality of Respondent's continued retention of Petitioner's Vehicle.

75. Petitioner contends that Respondent's December 22, 2025 administrative hearing violated the Due Process Clause of the Fourteenth Amendment and that Respondent's continued retention of the Vehicle violates the Fourth Amendment.

76. Respondent contends that the administrative hearing satisfied due process requirements and that the continued retention of the Vehicle is lawful.

77. A declaratory judgment is necessary and appropriate to resolve the actual controversy between the parties and to provide guidance regarding Respondent's constitutional obligations in future vehicle impoundment proceedings.

78. Petitioner seeks a declaration that:

a. Respondent's December 22, 2025 administrative hearing violated Petitioner's right to procedural due process under the Fourteenth Amendment to the United States Constitution;

b. Respondent's continued retention of Petitioner's Vehicle constitutes an unreasonable seizure under the Fourth Amendment to the United States

EMERGENCY COMPLAINT

Constitution;

c. Respondent's policies, customs, and practices regarding vehicle impoundment administrative hearings, as alleged in paragraphs 41 through 46, violate the United States Constitution;

d. Petitioner is entitled to immediate release of the Vehicle without payment of impoundment, towing, or storage fees arising from the constitutionally deficient administrative proceeding.

## VIII. FOURTH CLAIM FOR RELIEF

## INJUNCTIVE RELIEF

## (Federal Rule of Civil Procedure 65)

79. Petitioner incorporates by reference and realleges paragraphs 1 through 78 as though fully set forth herein.

80. Petitioner seeks preliminary and permanent injunctive relief pursuant to Federal Rule of Civil Procedure 65.

## A. Likelihood of Success on the Merits

81. Petitioner has demonstrated a substantial likelihood of success on the merits of the procedural due process and Fourth Amendment claims.

EMERGENCY COMPLAINT

82. The denial of notice and opportunity to be heard in the December 22, 2025 administrative hearing violates clearly established constitutional law under Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950), and Mathews v. Eldridge, 424 U.S. 319 (1976).

83. The continued retention of Petitioner's Vehicle for fifteen (15) days without criminal charges, without probable cause, and following a constitutionally deficient administrative hearing violates clearly established Fourth Amendment law under Miranda v. City of Cornelius, 429 F.3d 858 (9th Cir. 2005).

84. No reasonable governmental official could have believed that conducting an ex parte hearing without notice to the vehicle owner, without opportunity for the vehicle owner to participate, and without providing written findings, would satisfy constitutional due process requirements.

**B. Irreparable Harm Absent Injunctive Relief**

85. Absent injunctive relief, Petitioner will suffer ongoing irreparable harm that cannot be adequately remedied by monetary damages.

86. **Ongoing Homelessness and Exposure:** Petitioner and Petitioner's fiancée continue to be without shelter, sleeping on public sidewalks in cold weather conditions. Each additional day of homelessness increases the risk of illness, injury, and long-term health consequences. Monetary damages cannot

-21-

EMERGENCY COMPLAINT

compensate for physical suffering and health deterioration caused by prolonged homelessness.

87. **Medication Deprivation and Health Risks:** Petitioner has been deprived of essential prescription medications for fifteen (15) consecutive days. Petitioner's medical conditions require continuous treatment, and interruption of treatment creates serious documented health risks including rebound anxiety, panic attacks, pneumonia, or other irreversible medical consequences. The deprivation of necessary medical treatment constitutes irreparable harm. Money damages cannot restore Petitioner's health or compensate for permanent injury resulting from medication deprivation.

88. **Imminent Loss of Property Through Lien Sale:** Pursuant to California Civil Code section 3071, the Vehicle faces imminent risk of lien sale. The statutory deadline for lien sale is such that the Vehicle can be sold as early as the 15th day, which is December 28, 2025. Once the Vehicle is sold at lien sale, Petitioner will suffer total and irreversible loss of the Vehicle and all property contained therein. Monetary damages cannot restore unique or irreplaceable items lost through lien sale.

89. **Violation of Constitutional Rights:** The ongoing violation of Petitioner's clearly established constitutional rights constitutes irreparable injury. Elrod v. Burns, 427 U.S. 347, 373 (1976) ("The loss of First Amendment

-22-

EMERGENCY COMPLAINT

freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury."); Melendres v. Arpaio, 695 F.3d 990, 1002 (9th Cir. 2012) (same principle applies to other constitutional violations).

90. **Neurodivergence and Exacerbated Vulnerability:** Petitioner and Petitioner's fiancée are neurodivergent individuals with autism spectrum disorders. The disruption of stability, routine, and access to necessary support systems creates particularly severe and long-lasting harm that cannot be adequately quantified or compensated through monetary damages.

## C. Balance of Equities Favors Injunctive Relief

91. The balance of equities tips sharply in Petitioner's favor.

92. Petitioner faces severe and ongoing hardship, including homelessness, health deterioration from medication deprivation, and imminent total loss of property through lien sale.

93. Respondent will suffer no cognizable harm from releasing the Vehicle or providing Petitioner with immediate supervised access to retrieve essential medications and personal property.

94. Any municipal interest in collecting impoundment fees is substantially outweighed by Petitioner's fundamental constitutional rights to due process, freedom from unreasonable seizure, and access to essential medical treatment.

-23-

EMERGENCY COMPLAINT

95. Respondent has no legitimate interest in retaining possession of the Vehicle following a fundamentally unfair administrative hearing and in the absence of any criminal prosecution arising from the underlying arrest.

**D. Public Interest Favors Injunctive Relief**

96. The public interest strongly favors the granting of injunctive relief.

97. The public has a paramount interest in ensuring that municipal governments comply with constitutional due process requirements and Fourth Amendment protections against unreasonable seizure.

98. The public has a strong interest in preventing unlawful deprivations of property rights through constitutionally deficient administrative procedures.

99. The public has a substantial interest in protecting individuals' health and safety by ensuring access to essential medical treatment.

100. The public has a legitimate interest in reducing homelessness and preventing the human suffering associated with forced displacement.

101. No legitimate public interest is served by continuing to deprive Petitioner of the Vehicle and access to essential medications through constitutionally deficient procedures and in the absence of criminal prosecution.

**E. Specific Injunctive Relief Requested**

-24-

EMERGENCY COMPLAINT

102. Based on satisfaction of all four factors required under Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008), Petitioner requests that this Court issue the following injunctive relief:

a. **Temporary Restraining Order:** An emergency temporary restraining order pursuant to Federal Rule of Civil Procedure 65(b):

i. Directing Respondent City of Grover Beach, its officers, agents, employees, and all persons acting in concert or participation with them, to immediately release to Petitioner the 2019 Tesla Model 3, Vehicle Identification Number 5YJ3E1EB5KF493547, without requiring payment of any impoundment, towing, or storage fees;

ii. In the alternative, if immediate full release cannot be ordered without adversary hearing, directing Respondent to immediately provide Petitioner with supervised access to the Vehicle for the limited purpose of retrieving essential prescription medications and irreplaceable personal property, such access to be provided within twenty-four (24) hours of the Court's order;

iii. Prohibiting Respondent, its officers, agents, employees, and all persons acting in concert or participation with them, from conducting, authorizing, or permitting any lien sale of the Vehicle pending final resolution of this action;

EMERGENCY COMPLAINT

iv. Directing Respondent to preserve all evidence related to the December 22, 2025 administrative hearing, including but not limited to any audio recordings, video recordings, written notes, documents reviewed by the hearing officer, and communications between Respondent's personnel regarding the hearing;

v. Such other and further emergency relief as the Court deems just and proper to prevent immediate and irreparable harm to Petitioner.

b. **Preliminary Injunction:** A preliminary injunction maintaining the relief granted in the temporary restraining order pending final adjudication on the merits;

c. **Permanent Injunction:** Following trial on the merits, a permanent injunction:

i. Requiring Respondent to release the Vehicle to Petitioner without collection of impoundment, towing, or storage fees arising from the constitutionally deficient administrative proceeding;

ii. Requiring Respondent to reform its vehicle impoundment administrative hearing procedures to provide constitutionally adequate notice, opportunity to be heard, neutral decisionmaker, and written findings in all future proceedings;

iii. Prohibiting Respondent from conducting vehicle impoundment administrative hearings without compliance with minimum constitutional due process requirements;

EMERGENCY COMPLAINT

iv. Such other and further permanent relief as the Court deems just and proper.

**IX. PRAYER FOR RELIEF**

WHEREFORE, Petitioner respectfully requests that this Court enter judgment in Petitioner's favor and against Respondent as follows:

**A. Emergency Temporary Restraining Order**

1. Issue an emergency temporary restraining order pursuant to Federal Rule of Civil Procedure 65(b) providing the relief specified in paragraph 102(a) above, to be effective immediately upon issuance and to remain in effect for fourteen (14) days or until further order of this Court;

**B. Order to Show Cause and Preliminary Injunction**

2. Issue an Order to Show Cause why a preliminary injunction should not issue;

3. Following hearing on the Order to Show Cause, issue a preliminary injunction maintaining the relief granted in the temporary restraining order pending final adjudication on the merits;

**C. Declaratory Relief**

EMERGENCY COMPLAINT

4.  Declare pursuant to 28 U.S.C. § 2201 that:

a. Respondent's December 22, 2025 administrative hearing violated Petitioner's right to procedural due process under the Fourteenth Amendment to the United States Constitution;

b. Respondent's continued retention of Petitioner's Vehicle constitutes an unreasonable seizure under the Fourth Amendment to the United States Constitution;

c. Respondent's policies, customs, and practices regarding vehicle impoundment administrative hearings violate the Due Process Clause of the Fourteenth Amendment and the Fourth Amendment to the United States Constitution;

d. Petitioner is entitled to release of the Vehicle without payment of impoundment, towing, or storage fees arising from the constitutionally deficient administrative proceeding;

**D. Permanent Injunctive Relief**

5.  Following trial on the merits, issue a permanent injunction as specified in paragraph 102(c) above;

**E. Compensatory Damages**

EMERGENCY COMPLAINT

6.  Award Petitioner compensatory damages in an amount to be proven at trial, including but not limited to:

a. Economic damages for impoundment fees, towing charges, storage fees (currently accruing at Eighty Dollars and Eighty-Three Cents ($80.83) per day), replacement costs for lost or damaged property, and replacement costs for medications;

b. Non-economic damages for physical pain and suffering resulting from medication deprivation, exposure to dangerous weather conditions, and forced homelessness;

c. Emotional distress, humiliation, anxiety, and mental anguish caused by constitutional violations and deprivation of property;

d. Such other economic and non-economic damages as may be proven at trial;

**F. Costs and Attorney Fees**

7.  Award Petitioner reasonable costs of suit, including filing fees and service costs;

8.  Award Petitioner reasonable attorney fees pursuant to 42 U.S.C. § 1988(b) as the prevailing party in this civil rights action, or alternatively, compensate Petitioner for the substantial time and effort expended in prosecuting this action in propria persona;

-29-

EMERGENCY COMPLAINT

**G. Pre-Judgment and Post-Judgment Interest**

9.  Award pre-judgment interest on all damages from the date of accrual at the maximum rate permitted by law;

10. Award post-judgment interest on all amounts awarded at the rate provided by 28 U.S.C. § 1961;

**H. General Relief**

11. Grant such other and further relief as this Court deems just, proper, and equitable.

**X. DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b) and the Seventh Amendment to the United States Constitution, Petitioner demands a trial by jury on all claims and issues so triable.

Dated: December 28, 2025

Respectfully submitted,

/s/ Christopher Scott Payne

CHRISTOPHER SCOTT PAYNE

Petitioner, In Propria Persona

-30-

EMERGENCY COMPLAINT

c/o Secretary of State

Safe at Home Program

Post Office Box 697

Sacramento, California 95812-0697

Telephone: (331) 272-0669

Email: paynec9@icloud.com

**CERTIFICATE NUMBER OF COMPLIANCE WITH WORD COUNT LIMITATION**

Pursuant to Local Rule 11-6, the undersigned certifies that this Emergency Complaint contains 5029 words, excluding the caption, table of contents, table of authorities, signature block, and certificates of service and compliance, and therefore complies with the applicable word count limitation.

Dated: December 28, 2025

/s/ Christopher Scott Payne

CHRISTOPHER SCOTT PAYNE

Petitioner, In Propria Persona

-31-

EMERGENCY COMPLAINT

EMERGENCY COMPLAINT

EXHIBIT "A"



EXHIBIT "4"

Transcription of call received from **805-540-1977**

**Hello this message is for Christopher Payne calling from the Grover Beach Police Department I spoke to you earlier regarding your impound hearing request since its after hours now I wanted to advise you I read the report and I saw the camera for the impound request or the the review  My my concern is seeing that there was actually a legal reason to contact you at which point I saw the officer articulated his reason for the initial stop as the license plates properly attached to the Tesla that you were driving which they were not clearly visible It was not a full license plate and on top of that there was an effective windshield So both of those are legal reasons for a stop at which point during the investigation They deemed that your actions were obstructing resisting or delaying the investigation and then they proceeded with arresting you and towing your vehicle So as of this moment the the storage of the vehicle stands the vehicle was  the word for driver arrested meaning if you come down to the station and take care of the the fee  And your vehicle would be released  On top of that We need to verify that your vehicle is actually registered in a state the last time I spoke to you You mentioned that you had a temporary permit that expired November 11th which would mean that in order to release your vehicle You would need to cover the release theme you would need to have a registered vehicle insurance and a license driver So at this point I will not be waving the fee of the release If you have any additional questions you can come to the Grover Beach Lobby or call 8054734511 Again 8054734511 or to the Grover Beach police lobby at 7Eleven Rockaway Avenue where you retrieve your iPad the other day All right Thank you very much for your time byebye**

*Also sent to records@grover beach. org*

**EXHIBIT "C"**

## EMERGENCY REQUEST FOR POST-STORAGE HEARING

**TO:** Grover Beach Police Department
1214 Stone Street
Grover Beach, CA 93433
Phone: (805) 473-4511
Fax: (805) 473-4561

**FROM:** Christopher Scott Payne
PO BOX 1318, Sacramento, CA 95812
Phone: 331.272.0669

**DATE:** December 18, 2025

**RE: EMERGENCY REQUEST FOR POST-STORAGE HEARING - Vehicle Impounded December 13, 2025**

**Vehicle Information:**

- Make/Model: 2019 Tesla Model 3
- License Plate: *NC Interim Vandalized*
- VIN: 5YJ3E1EB5KF493547
- Impound Date: December 13, 2025
- Current Location: Four Corner's Tow, 909 S 4th St., Grover Beach, CA 93433

**STATUTORY AUTHORITY:**

Pursuant to California Vehicle Code § 22852(a), I request an immediate post-storage hearing regarding the impoundment of my vehicle on December 13, 2025.

**GROUNDS FOR RELEASE:**

1. **Unlawful Arrest:** I was arrested without probable cause. I possessed a valid interim driver's license and verbally provided my driver's license number and Safe at Home participant number. California Penal Code § 853.5 required citation and release, not custodial arrest. The arrest was unlawful, therefore the impoundment pursuant to that arrest is unlawful.

2. **Fourth Amendment Violation:** The impoundment violates the Fourth Amendment. *Espinosa v. City of San Francisco*, 598 F.3d 528, 537 (9th Cir. 2010) (vehicle impoundment following unlawful arrest violates Fourth Amendment).

3. **Emergency Hardship**:

   - I am homeless and was living in this vehicle with my fiancé

   - I am a Safe at Home program participant (domestic violence survivor) who feels unsafe staying in stationary locations

   - The vehicle contains all of my possessions

   - I cannot afford the escalating impound fees (currently exceeding $1,300)

   - Each day of continued impoundment causes irreparable harm

4. **No Lawful Basis**: California Vehicle Code § 22651 requires specific statutory grounds for impoundment. The only basis cited was my arrest, which was unlawful as explained above.

**EMERGENCY CIRCUMSTANCES:**

This is an emergency situation requiring immediate hearing and vehicle release:

- I am currently homeless without my vehicle

- I am a major violence survivor (Safe at Home participant) displaced from my housing

- All my belongings are in the impounded vehicle

- Daily storage fees ($50-100/day) are making the vehicle unaffordable to recover

- I face losing my vehicle entirely if fees continue to accrue

- I am suffering severe emotional distress and housing instability

**STATUTORY TIMELINE:**

California Vehicle Code § 22852(b) requires that the hearing be conducted within 48 hours of this request (excluding weekends and holidays).

**BURDEN OF PROOF:**

California Vehicle Code § 22852(d) places the burden on the law enforcement agency to establish by preponderance of evidence that the impoundment was proper. The City cannot meet this burden because the underlying arrest was unlawful.

**RELIEF REQUESTED:**

1. Immediate post-storage hearing (within 48 hours)

2. Order releasing vehicle to me without payment of towing and storage fees

3. Order that City of Grover Beach bear all costs incurred for towing and storage pursuant to Cal. Veh. Code § 22852(d)

Christopher Scott Payne

Phone: 331.272.0669

Email: paynec9@icloud.com

PO BOX 1318, SACRAMENTO, CA 95812

**DECLARATION:**

I declare under penalty of perjury under the laws of the State of California that I am the registered owner of the above-described vehicle, that the vehicle was impounded on December 13, 2025 following my arrest by Grover Beach Police Department, and that the foregoing facts are true and correct.

Executed on December 18, 2025, at San Luis Obispo, California.



TRANSMISSION VERIFICATION REPORT

TIME : 12/19/2025 08:53
NAME : THEUPSSTORE
FAX  : 8054669015
TEL  : 8054669015
SER.# : U63274H7J468851

| DATE,TIME | 12/19 08:52 |
| FAX NO./NAME | 8054734561 |
| DURATION | 00:00:48 |
| PAGE(S) | 03 |
| RESULT | OK |
| MODE | STANDARD |
| | ECM |

Also sent to records@grover beach. ore

## EMERGENCY REQUEST FOR POST-STORAGE HEARING

**TO:** Grover Beach Police Department
1214 Stone Street
Grover Beach, CA 93433
Phone: (805) 473-4511
Fax: (805) 473-4561

**FROM:** Christopher Scott Payne
PO BOX 1318, Sacramento, CA 95812
Phone: 331.272.0669

**DATE:** December 18, 2025

**RE: EMERGENCY REQUEST FOR POST-STORAGE HEARING - Vehicle Impounded December 13, 2025**

**Vehicle Information:**

- Make/Model: 2019 Tesla Model 3
- License Plate: *NC Interim Vandalized*
- VIN: 5YJ3E1EB5KF493547
- Impound Date: December 13, 2025
- Current Location: Four Corner's Tow, 909 S 4th St., Grover Beach, CA 93433

**STATUTORY AUTHORITY:**

Pursuant to California Vehicle Code § 22852(a), I request an immediate post-storage hearing regarding the impoundment of my vehicle on December 13, 2025.

GROUNDS FOR RELEASE: