Christopher Scott Payne
California Safe at Home Program
Participant No. 3147
c/o Secretary of State
PO Box 1318
Sacramento, CA 95812
Plaintiff, Pro Se

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER SCOTT PAYNE, | ) Case No. 2:25-cv-12282-CV-KES |
| Plaintiff, | ) |
| vs. | ) **PLAINTIFF'S NOTICE OF MOTION** |
| CITY OF GROVER BEACH, | ) **AND MOTION FOR LEAVE TO FILE** |
| Defendant. | ) **FIRST AMENDED COMPLAINT;** |
| | **MEMORANDUM OF POINTS AND** |
| | ) **AUTHORITIES; DECLARATION OF** |
| | ) **CHRISTOPHER SCOTT PAYNE** |
| | ) Hearing: March 3rd, 2026 |
| | ) Time: 10:00 a.m. |
| | ) Judge: Hon. Karen Scott |

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that Plaintiff Christopher Scott Payne, proceeding pro se, will and hereby does move this Court pursuant to Federal Rule of Civil Procedure 15(a)(2) for leave to file a First Amended Complaint ("FAC"). The proposed FAC is attached hereto as Exhibit A.

This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Christopher Scott Payne, the proposed First Amended Complaint attached as Exhibit A, all prior filings and proceedings in this action, and such other evidence as the Court may consider.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The Court's February 3, 2026 Order (Doc. #40) denying Plaintiff's Application for Temporary Restraining Order identified specific factual and legal gaps in Plaintiff's claims. Plaintiff now seeks leave to file a First Amended Complaint to cure those deficiencies, assert

additional claims that arise from the same core operative facts, and plead facts sufficient to state claims upon which relief may be granted.

The proposed amendment is targeted and strategic — not a wholesale rewrite. The FAC addresses four issues the Court identified: (1) the need to adequately plead a cognizable property interest in the Tesla; (2) the need to plead that the continued impoundment unreasonably infringes possessory interests under Brewster v. Beck, 859 F.3d 1194 (9th Cir. 2017); (3) the need to plead facts showing Plaintiff did engage in the post-storage hearing process and was effectively denied a meaningful hearing; and (4) new claims arising from the unlawful stop and arrest that rendered the impoundment itself unlawful under Espinosa v. City of San Francisco, 598 F.3d 528 (9th Cir. 2010).

Amendment is warranted under Rule 15's liberal standard. There is no bad faith, no prejudice to the City, no undue delay, and the proposed amendments are not futile. The FAC states viable constitutional claims that this Court has both the power and the duty to consider.

## II. FACTUAL BACKGROUND

Plaintiff filed this action on December 31, 2025, challenging the City of Grover Beach's impoundment of his 2019 Tesla Model 3 (VIN: 5YJ3E1EB5KF493547) following his arrest on December 13, 2025. Plaintiff brings claims under 42 U.S.C. § 1983 for violations of the Fourth and Fifth/Fourteenth Amendments.

The Court denied Plaintiff's first TRO application on January 15, 2026, finding Plaintiff had

not established ownership. (Doc. #14.) Plaintiff then filed a second TRO application

providing a Bill of Sale, insurance documentation, and a supplemental declaration. (Doc.

#20-21.) On February 3, 2026, the Court denied the second application, identifying several

specific analytical gaps. (Doc. #40.)

Specifically, the Court found: (a) Plaintiff had not completed vehicle registration in any

jurisdiction; (b) the initial stop appeared facially valid based on the illegible temporary plate;

(c) Plaintiff had not shown he was denied a post-storage hearing, only that he did not follow

up with Commander Aceves; and (d) the continued impoundment was distinguishable from

Brewster because Plaintiff had not shown registration, roadworthiness, and willingness to

pay fees. (Doc. #40 at 5-9.)

The proposed FAC directly addresses each of these points with additional factual allegations

and new legal theories that have not yet been presented to the Court.


### III. LEGAL STANDARD


A party may amend a pleading with the court's leave, which the court "should freely give . . .

when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit applies this standard

with "extreme liberality." Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079

(9th Cir. 1990). Courts weigh five factors: (1) bad faith, (2) undue delay, (3) prejudice to the

opposing party, (4) futility, and (5) prior amendments. Foman v. Davis, 371 U.S. 178, 182

(1962). "The party opposing amendment bears the burden of showing prejudice." Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). "[P]rejudice is the touchstone of the inquiry." Id.

Where a complaint has been dismissed or a TRO denied, courts routinely grant leave to amend unless amendment would be futile. See Chang v. Chen, 80 F.3d 1293, 1296 (9th Cir. 1996). Amendment is not futile when the proposed pleading would withstand a motion to dismiss. Steckman v. Hart Brewing, Inc., 143 F.3d 1293, 1298 (9th Cir. 1998).

## IV. ARGUMENT

### A.    All Foman Factors Support Amendment

#### 1.  No Bad Faith

Plaintiff seeks amendment in direct, good-faith response to the Court's February 3, 2026 Order. Rather than filing successive TRO applications, Plaintiff now seeks to properly amend the pleading to assert claims consistent with the facts and law. This is precisely what courts encourage litigants to do following adverse rulings. There is no bad faith here.

#### 2.  No Undue Delay

This is Plaintiff's first motion to amend the Complaint. The case is at its earliest stages — no answer has been filed, no Rule 26(f) conference has occurred, and no scheduling order has been entered. The Court denied the second TRO on February 3, 2026. Plaintiff brings this motion promptly thereafter. See Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001) (delay alone insufficient absent prejudice).

### 3. No Prejudice to Defendant

The City suffers no cognizable prejudice. The case is pre-answer and pre-discovery. The proposed FAC arises from the same core facts already before the Court and the City. The City's counsel has been actively litigating this action and is fully familiar with the factual record. No additional discovery is required before the City can respond. The mere cost of additional legal work is not cognizable prejudice. DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 187 (9th Cir. 1987).

### 4. Amendment Is Not Futile

The proposed FAC is not futile. Each amendment directly cures a gap the Court identified. The FAC pleads viable claims under both the Fourth Amendment and the Due Process Clause, adding new theories that did not appear in the original complaint — in particular, that the impoundment was unlawful because it followed an unlawful arrest, and that Plaintiff's continued efforts to engage the administrative process were frustrated by the City's refusal to engage in good faith.

**B.     The Proposed Amendments Cure Deficiencies Identified by the Court**

    **1.   The FAC Adequately Pleads Plaintiff's Property Interest**

The Court found Plaintiff's property interest in the Tesla "uncertain" because the Tesla was never registered in any jurisdiction and Plaintiff conceded that other individuals possess documents necessary to complete registration. (Doc. #40 at 5.) The proposed FAC addresses this directly.

The FAC alleges that Plaintiff purchased the Tesla on February 2, 2024 pursuant to a Bill of Sale, has continuously possessed it, insured it in his name (Tesla Insurance required ownership verification), and operated it as his primary residence. A buyer of property holds a cognizable possessory and equitable interest even without perfect legal title. See Soldal v. Cook County, 506 U.S. 56, 62 (1992) (Fourth Amendment protects "possessory interests" in property). A property interest need not be perfected to warrant due process protection. See Memphis Light, Gas & Water Div. v. Craft, 436 U.S. 1, 9 (1978).

The FAC further alleges that the registration gap was caused, in material part, by the City's own impoundment — Plaintiff cannot complete California registration without access to the vehicle — creating a situation where the City is using its own wrongful possession of the Tesla to defeat Plaintiff's ownership claim. Courts have rejected such bootstrapping arguments as contrary to due process principles.

The FAC also pleads the Safe at Home Program (Cal. Gov. Code §§ 6205–6216) as a structural barrier to standard DMV verification. Vehicle Code § 1808.21 suppresses Plaintiff's address and vehicle records from public access. The City's failure to access available law enforcement databases (CLETS) to verify registration information — which Officer Chavez's own Mobile Data Terminal query had already confirmed — is itself a due process failure.

## 2. The FAC Pleads Brewster v. Beck Elements

The Court found this case "materially different" from Brewster v. Beck, 859 F.3d 1194 (9th Cir. 2017), because Plaintiff had not provided proof of registration, had not shown the Tesla was roadworthy, and had not paid or arranged to pay fees. (Doc. #40 at 9.)

The FAC addresses each of these three factors:

Registration: As pleaded above, Plaintiff's inability to register the Tesla in California arises directly from the impoundment itself. The City cannot use the impoundment as both the cause and the justification for continued detention of the vehicle. Moreover, Plaintiff held a valid North Carolina temporary registration at the time of the stop (which had only recently expired), demonstrating his ongoing good-faith efforts to comply with registration requirements.

Roadworthiness: The City's own post-impoundment declaration regarding the shattered windshield (Doc. #36) describes damage that occurred or worsened while the Tesla was in

City custody. Damage incurred during impoundment does not retroactively justify the impoundment itself or its continuation. To the extent the Tesla was in operable condition when impounded on December 13, 2025, roadworthiness at the time of impoundment, not during storage, is the relevant inquiry.

Fees: The FAC alleges that Plaintiff communicated directly with Commander Aceves and expressed willingness to engage on the question of fees during their December 22, 2025 call — information Commander Aceves acknowledged in her declaration. (Aceves Decl. ¶¶ 3-5.) The City's failure to engage further after that call, and its failure to propose any payment plan, prevented Plaintiff from satisfying a precondition the City never meaningfully offered to him.

### 3. The FAC Adequately Pleads Denial of a Meaningful Post-Storage Hearing

The Court found Plaintiff had not been denied a hearing — rather, Plaintiff had not followed up with Commander Aceves after her December 22, 2025 call. (Doc. #40 at 7.) The FAC provides additional factual detail to rebut this finding.

The FAC alleges that: (a) Commander Aceves's December 22, 2025 voicemail communicated her findings and determination without inviting a genuine response — it was a one-way notification, not an invitation to a hearing; (b) Plaintiff did attempt to follow up and was unable to reach Commander Aceves or obtain a scheduled hearing; (c) the City never provided Plaintiff with written notice of a post-storage hearing as required by Cal. Veh. Code § 22852(a), notwithstanding that Plaintiff had requested one; and (d) the City's own

position throughout this litigation — that Plaintiff was not a registered owner and therefore not entitled to a hearing — constituted a de facto denial of the hearing right itself. Scofield v. City of Hillsborough, 862 F.2d 759, 764 (9th Cir. 1988).

### 4.  The FAC Adds a New Claim: Unlawful Impoundment Following Unlawful Arrest

The original Complaint did not expressly challenge the lawfulness of the underlying arrest — and the Court noted that "Petitioner does not challenge the lawfulness of the initial impoundment." (Doc. #40 at 9.) The FAC does.

The FAC adds a claim that Officer Chavez's arrest of Plaintiff for Cal. Penal Code § 148(a)(1) (resisting a peace officer) was unlawful because: (a) Plaintiff verbally identified himself and provided his Safe at Home participant number and driver's license number; (b) officers refused to allow Plaintiff to produce his interim driver's license from the vehicle; (c) an officer admitted at the hospital that the difficulty restraining Plaintiff was caused by officer miscommunication, not Plaintiff's resistance.

Where an impoundment follows an unlawful arrest, the impoundment is itself unlawful. Espinosa v. City of San Francisco, 598 F.3d 528, 537 (9th Cir. 2010) ("a search conducted incident to an unlawful arrest is itself unlawful"); see also Miranda v. City of Cornelius, 429 F.3d 858, 864-65 (9th Cir. 2005) (impoundment unreasonable where arrest unlawful). This is a viable Fourth Amendment claim that was not adequately articulated in the original Complaint.

### 5. The FAC Adds a Monell Claim

The original Complaint did not adequately plead municipal liability. The FAC adds factual allegations supporting a Monell v. Department of Social Services of City of New York, 436 U.S. 658 (1978), claim: the City maintained a policy and practice of refusing post-storage hearings to vehicle owners who could not produce standard DMV registration records — a practice that facially and systematically disadvantages Safe at Home Program participants, whose DMV records are suppressed by state law. This is a facially neutral policy with a constitutionally significant exclusionary effect on a protected population.

### V. CONCLUSION

Plaintiff respectfully requests that the Court grant leave to file the First Amended Complaint attached hereto as Exhibit A. The proposed FAC cures the specific deficiencies identified in the Court's February 3, 2026 Order, adds factual detail to support existing claims, and asserts new legal theories arising from the same core events. Rule 15's liberal standard supports amendment; none of the Foman factors counsel against it.

Respectfully submitted,

**Dated: FEBRUARY 27TH, 2026**

**/s/ CHRISTOPHER SCOTT PAYNE**

Christopher Scott Payne
Plaintiff, Pro Se
California Safe at Home Program
Participant No. 3147
c/o Secretary of State
1500 11th Street
Sacramento, CA 95814

## DECLARATION OF CHRISTOPHER SCOTT PAYNE

I, Christopher Scott Payne, declare as follows:

1. I am the Plaintiff in this action. I have personal knowledge of the matters set forth herein and could competently testify to them if called as a witness.

2. I bring this motion in good faith and in direct response to this Court's February 3, 2026 Order (Doc. #40), which identified specific gaps in my prior filings.

3. On December 13, 2025, when I was stopped, I verbally provided my driver's license number and Safe at Home participant number to the officers. I informed them that my interim driver's license was located inside the vehicle. Officers refused to allow me to retrieve it.

4. While being transported in the patrol vehicle, I observed the officer's Mobile Data Terminal screen, which displayed the results of a license plate query returning the Tesla as registered to Christopher Scott Payne.

5. At the hospital after my arrest, an officer acknowledged that difficulty in restraining me (application of full body wrap) was caused by officer miscommunication, not my own resistance.

6. As of the date of this declaration, misdemeanor criminal charges have been filed against me related to the December 13, 2025 incident.

7. After receiving Commander Aceves's voicemail on December 22, 2025, I did attempt to follow up. I was unable to reach Commander Aceves or to schedule a formal post-storage hearing. The voicemail communicated her conclusion rather than an invitation to a meaningful hearing.

8. The Tesla has been in City custody since December 13, 2025. I cannot complete California vehicle registration without access to the vehicle's documents and physical vehicle to facilitate the process. The impoundment has itself prevented me from completing registration.

9. The Tesla was serving as my primary residence at the time of impoundment. I am enrolled in the California Safe at Home Program (Participant No. 3147) as a survivor of domestic violence. Loss of the vehicle has rendered me homeless and created ongoing safety risks.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____, 2026 at Sacramento, California.

_____

Christopher Scott Payne, Declarant

## CERTIFICATE OF SERVICE

I, Christopher Scott Payne, hereby certify that on _____, 2026, I served a true and correct copy of the foregoing PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF CHRISTOPHER SCOTT PAYNE, together with the proposed First Amended Complaint (Exhibit A, clean version) and Exhibit B (redlined version), upon the following counsel of record via the Court's CM/ECF electronic filing system:

Jennifer Thompson / Wiley R. Driskill / Karmdeep Gill

LOZANO SMITH

7404 N. Spalding Avenue

Fresno, CA 93720

jthompson@lozanosmith.com

wdriskill@lozanosmith.com

kgill@lozanosmith.com

Attorneys for Defendant City of Grover Beach

_____

Christopher Scott Payne