**Christopher Scott Payne**
California Safe at Home Program, Participant No. 3147
c/o Secretary of State, P.O. Box 942877
Sacramento, CA 94277-0001
Email: paynec9@icloud.com | Tel: (865) 456-0825
Plaintiff, In Pro Per



FILED
CLERK, U.S. DISTRICT COURT
FEB. 27, 2026
CENTRAL DISTRICT OF CALIFORNIA
BY   JD   DEPUTY
DOCUMENT SUBMITTED THROUGH THE ELECTRONIC DOCUMENT SUBMISSION SYSTEM

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CHRISTOPHER SCOTT PAYNE,**<br><br>    Plaintiff,<br><br>  v.<br><br>**CITY OF GROVER BEACH; RAUL CHAVEZ; and DOES 1-20,**<br><br>    Defendants. | Case No.: 2:25-cv-12282-CV-KES<br><br>PLAINTIFF'S PROPOSED SCHEDULING ORDER<br><br>Presiding Judge: Hon. Cynthia Valenzuela<br>Magistrate: Hon. Karen E. Scott<br><br>*NOTE: Pursuant to FRCP 16(b) and C.D. Cal. L.R. 16-2, Plaintiff submits this proposed scheduling order pending the Court's issuance of an Order Setting Scheduling Conference.* |

## PLAINTIFF'S PROPOSED SCHEDULING ORDER

Pursuant to Federal Rule of Civil Procedure 16(b) and Central District of California Local Rule 16-2, Plaintiff Christopher Scott Payne hereby submits this Proposed Scheduling Order for the Court's consideration. Plaintiff anticipates that Defendants will file an answer or responsive pleading following service of the First Amended Complaint, at which point the parties will be required to meet and confer under FRCP 26(f) and to submit a Joint Rule 26(f) Report.

**I.  CURRENT CASE STATUS**

As of February 26, 2026, this case is at an early litigation stage. The following events have occurred:

18  Plaintiff's original petition/complaint was filed in December 2025.

19  The Court issued a status quo order on December 31, 2025 (Doc. #8).

20  • Two TRO applications were filed and denied (Docs. ##4, 20; orders at ##14, 40).

21  • The First Amended Complaint ("FAC") is being filed contemporaneously herewith.

22  • No scheduling order or scheduling conference has yet been set.

23  • No answer or responsive pleading to the original complaint has been filed by Defendants.

24  • Discovery has not yet commenced.

## II.  PROPOSED SCHEDULING ORDER

The following schedule is proposed based on a February 26, 2026 reference date and accounts for the complexity of a federal civil rights case with individual and municipal defendants, the need for discovery from law enforcement and city records, and Plaintiff's pro se status.

| Proposed Date | Event / Deadline | Governing Authority |
| --- | --- | --- |
| March 12, 2026 | FRCP 26(f) Conference between parties (mandatory pre-scheduling meet and confer) | Fed. R. Civ. P. 26(f) |
| March 26, 2026 | Initial Disclosures under FRCP 26(a)(1) exchanged by all parties | Fed. R. Civ. P. 26(a)(1)(C) |
| March 26, 2026 | Parties to file Joint Rule 26(f) Report with proposed case management schedule | C.D. Cal. L.R. 16-2; FRCP 26(f)(3) |
| April 11, 2026 | Scheduling Conference before Hon. Cynthia Valenzuela (Friday, 1:30 PM, per Standing Order) | Fed. R. Civ. P. 16(b); Standing Order § J |
| April 30, 2026 | Last day to add parties or amend pleadings as a matter of course (21 days post-answer if Defendants answer by April 9) | Fed. R. Civ. P. 15(a)(1)(B) |
| May 30, 2026 | Last day for Plaintiff to identify and serve Doe defendants (DOES 1-20) [NOTE: Identify through early discovery] | C.D. Cal. L.R. 19-1; Standing Order § II.F |
| June 26, 2026 | Fact discovery opens (if not opened earlier upon filing of first responsive pleading) | Standing Order § II.B |

2

| October 2, 2026 | FACT DISCOVERY CUTOFF — all non-expert discovery, including depositions and written discovery, must be complete | Fed. R. Civ. P. 26(a)(2); Standing Order |
| October 16, 2026 | Plaintiff's Expert Designations and Expert Reports (FRCP 26(a)(2)(D)(i)) | Fed. R. Civ. P. 26(a)(2)(B)-(C) |
| October 30, 2026 | Defendants' Expert Designations and Rebuttal Expert Reports | Fed. R. Civ. P. 26(a)(2)(D)(ii) |
| November 13, 2026 | EXPERT DISCOVERY CUTOFF | Fed. R. Civ. P. 26(a)(2)(D) |
| November 20, 2026 | Last day to file dispositive motions (MSJ, etc.). [NOTE: Clear hearing date with CRD per Standing Order § III.A] | Fed. R. Civ. P. 56; C.D. Cal. L.R. 7 |
| January 8, 2027 | Last hearing date for dispositive motions (Friday, 1:30 PM) | C.D. Cal. L.R. 7-11; Standing Order § III.A |
| February 5, 2027 | Final Pretrial Conference (Friday, 1:30 PM) | Fed. R. Civ. P. 16(e); C.D. Cal. L.R. 16-10 |
| March 2, 2027 | TRIAL DATE (estimated) — Jury trial on all issues so triable | Fed. R. Civ. P. 38; 7th Amendment |

NOTE: This schedule is subject to adjustment by the Court at the scheduling conference. The Court will set deadlines in a Scheduling and Trial Order that supersedes this proposal. Strict compliance with that Order is required.

## III. DISCOVERY PLAN (FRCP 26(f)(3))

### A. Priority Discovery Requests

Plaintiff anticipates serving the following discovery requests promptly upon filing of the FAC:

1. Requests for Production (Set One) directed to the City of Grover Beach:

   a. All body-worn camera footage from the December 13, 2025 encounter;

   b. All dashcam footage from patrol vehicles at the scene;

   c. Officer Chavez's complete personnel file, including all prior complaints, discipline, and use-of-force reports (subject to protective order if needed);

3

    d. GBPD's written policies and procedures governing vehicle impoundment, post-storage hearings, vehicle transfer, and evidence preservation;

    e. All records relating to the Tesla (VIN 5YJ3E1EB5KF493547), including impound log, transfer orders, vehicle condition reports, storage fees, and lien-sale notices;

    f. All communications between the City and Max Auto Wrecking (or Timo's Auto Wrecking) regarding the Tesla;

    g. Any prior complaints or lawsuits involving GBPD vehicle impoundment practices;

    h. City's evidence-hold records and communications regarding this litigation.

2. Interrogatories (Set One) directed to Defendant City of Grover Beach (limit: 25 per FRCP 33):

    a. Identity of all persons with knowledge of the December 13, 2025 incident;

    b. Basis for the decision to impound the Tesla (statutory authority invoked);

    c. Identity of hearing officer for December 22, 2025 post-storage hearing;

    d. Authorization for January 18, 2026 transfer to Max Auto Wrecking;

    e. All fees charged or accrued with daily breakdown.

3. Interrogatories (Set One) directed to Defendant Officer Chavez (limit: 25 per FRCP 33).

4. Depositions anticipated:

    a. Officer Raul Chavez;

    b. City's FRCP 30(b)(6) corporate witness on impoundment policies and the January 18 transfer;

    c. The official who conducted the December 22 post-storage hearing;

    d. Any other responding officers present on December 13, 2025.

**B. Third-Party Discovery**

5. Plaintiff anticipates issuing the following subpoenas under FRCP 45:

    a. Max Auto Wrecking, Inc. and/or Timo's Auto Wrecking LLC for all records relating to the Tesla, including condition upon receipt, any repairs or modifications, storage fees, and all communications with the City of Grover Beach;

    b. Four Corners Towing for the original impound order and vehicle condition at impound;

    c. Any medical provider(s) for records relating to injuries sustained December 13, 2025.

**C. Electronically Stored Information (ESI)**

6. Plaintiff expects ESI to include body/dashcam footage, police CAD records, email and text communications among City officials and with Max Auto Wrecking, and the City's impound database. Plaintiff will propose a stipulated ESI protocol at the Rule 26(f) conference. Defendants have been reminded of their evidence preservation obligations. See Doc. #25.

**D. Expert Witnesses**

7. Plaintiff anticipates designating the following categories of expert witnesses:

    a. Police practices expert: to opine on whether Officer Chavez's conduct conformed to reasonable law enforcement standards and whether the City's policies were constitutionally adequate;

    b. Vehicle valuation expert: to establish damages from vehicle deprivation and Tesla's value;

    c. Mental health/damages expert if needed: to quantify emotional distress damages.

**IV. ALTERNATIVE DISPUTE RESOLUTION**

Pursuant to C.D. Cal. L.R. 16-15 and Judge Valenzuela's Standing Order § K, all parties must participate in ADR. Plaintiff is willing to participate in mediation before the Magistrate Judge, a Court Mediation Panel mediator, or a private mediator mutually agreed upon by the parties.

23 *NOTE: The Court will not hold a final pretrial conference or trial unless ADR is completed. See*

24 *Standing Order § K. Begin discussing ADR timing at the Rule 26(f) conference.*

25

26 Respectfully submitted,

27

28 Dated: February 27, 2026

/s/Christopher Scott Payne

Plaintiff, In Pro Per

**[PROPOSED ORDER]**

## ORDER SETTING PRETRIAL SCHEDULE

The Court, having reviewed Plaintiff's Proposed Scheduling Order and upon such further submissions as the Court deems appropriate, hereby ORDERS the following pretrial schedule:

| Deadline | Event | Notes |
|---|---|---|
| _____, 2026 | Rule 26(f) Conference | Parties to meet and confer per FRCP 26(f) |
| _____, 2026 | Initial Disclosures | All parties per FRCP 26(a)(1) |
| _____, 2026 | Joint Rule 26(f) Report Filed | C.D. Cal. L.R. 16-2 |
| _____, 2026 | Scheduling Conference | Before Hon. Cynthia Valenzuela |
| _____, 2026 | Last Day to Join Parties / Amend Pleadings | FRCP 15, 20 |
| _____, 2026 | Identify Doe Defendants | C.D. Cal. L.R. 19-1 |
| _____, 2026 | FACT DISCOVERY CUTOFF | All non-expert discovery complete |
| _____, 2026 | Plaintiff's Expert Designations | FRCP 26(a)(2)(D)(i) |
| _____, 2026 | Defendants' Expert Designations and Rebuttal | FRCP 26(a)(2)(D)(ii) |
| _____, 2026 | EXPERT DISCOVERY CUTOFF | |
| _____, 2026 | Last Day to File Dispositive Motions | See L.R. 7 and Standing Order |
| _____, 2026 | ADR Completion Deadline | C.D. Cal. L.R. 16-15; Standing Order § K |
| _____, 2027 | Final Pretrial Conference | FRCP 16(e) |
| _____, 2027 | TRIAL DATE (Jury) | |

IT IS SO ORDERED.

Dated: _____, 2026

_____

HON. CYNTHIA VALENZUELA

UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

I, Christopher Scott Payne, certify that on February 26, 2026, I filed the foregoing via CM/ECF, causing electronic service on Lozano Smith counsel for Defendant City of Grover Beach. Note: Officer Chavez may require separate service if not yet represented by Lozano Smith. [VERIFY before filing.]

Executed on February 26, 2026, at Sacramento, California.

_____

Christopher Scott Payne, Plaintiff Pro Se