Wiley R. Driskill, SBN 253913
Karmdeep Gill, SBN 317358
**LOZANO SMITH**
7404 N. Spalding Avenue
Fresno, CA 93720-3370
Telephone:      (559) 431-5600
Facsimile:      (559) 261-9366
Emails:         wdriskill@lozanosmith.com
                kgill@lozanosmith.com

Attorneys for Defendant
CITY OF GROVER BEACH

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER SCOTT PAYNE, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF GROVER BEACH, a municipal entity,<br><br>Defendant. | Case No. 2:25-cv-12282-CV-KES<br><br>**DEFENDANT CITY OF GROVER BEACH'S ANSWER TO COMPLAINT FOR DAMAGES, DECLARATORY RELIEF, AND INJUNCTIVE RELIEF**<br><br>Complaint Filed: December 29, 2025 |

Defendant CITY OF GROVER BEACH, ("City"), a municipal entity, hereby answers the Complaint for Damages, Declaratory Relief, and Injunctive Relief filed by Plaintiff CHRISTOPHER SCOTT PAYNE ("Plaintiff"), as follows:

1.      Answering Paragraph 1, City alleges that the allegations in Paragraph 1 contain primarily legal argument or legal conclusions that do not require admission or denial.

2.      Answering Paragraph 2, City admits that it impounded Petitioner's 2019 Tesla and did not provide Plaintiff with a written determination.  City generally and specifically denies all other allegations contained therein.

3.      Answering Paragraph 3, City generally and specifically denies that it is responsible for the events and damages alleged in the Complaint.

4.      Answering Paragraph 4, City alleges that the allegations in Paragraph 4 contain primarily legal argument or legal conclusions that do not require admission or denial.

5.      Answering Paragraph 5, City admits the allegations contained therein.

6.      Answering Paragraph 6, City admits the allegations contained therein.

7.      Answering Paragraph 7, City admits the allegations contained therein.

8.      Answering Paragraph 8, City alleges that the allegations in Paragraph 8 contain primarily legal argument or legal conclusions that do not require admission or denial.

9.      Answering Paragraph 9, City denies that Plaintiff is the registered owner of the 2019 Tesla.  City is without sufficient information to admit or deny the remaining allegations in Paragraph 9, and on that basis denies them.

10.     Answering Paragraph 10, City admits the allegations contained therein.

11.     Answering Paragraph 11, City admits the allegations contained therein.

12.     Answering Paragraph 12, City admits the allegations contained therein.

13.     Answering Paragraph 13, City admits that Plaintiff's license plate was damaged. City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within Paragraph 13 at this time, and on that basis, denies each and every remaining allegation contained therein.

14.     Answering Paragraph 14, City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within Paragraph 14 at this time, and on that basis, denies each and every allegation contained therein.

15.     Answering Paragraph 15, City admits that, among other things, Plaintiff asked questions regarding the basis of the stop during the traffic stop.

16.     Answering Paragraph 16, City denies that Petitioner did not resist the officer.  City further denies that Petitioner resisted or obstructed the officer only when handcuffed, as he previously failed to comply with numerous lawful orders from the officer.  City admits that Petitioner was arrested for a violation of Penal Code section 148(a).

Defendant City of Grover Beach's
Answer to Complaint                           2                    Payne v. City of Grover Beach
                                                                  Case No.: 25-cv-12282-CV-KES

LOZANO SMITH
7404 N. Spalding Avenue Fresno,  CA 93720-3370
Tel 559-431-5600  Fax 559-261-9366

17.     Answering Paragraph 17, City admits that the officer ordered the vehicle impounded pursuant to the California Vehicle Code.

18.     Answering Paragraph 18, City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within Paragraph 18 at this time, and on that basis, denies each and every allegation contained therein.

19.     Answering Paragraph 19, City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within Paragraph 19 at this time, and on that basis, denies each and every allegation contained therein.

20.     Answering Paragraph 20, City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within Paragraph 20 at this time, and on that basis, denies each and every allegation contained therein.

21.     Answering Paragraph 21, City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within Paragraph 21 at this time, and on that basis, denies each and every allegation contained therein.

22.     Answering Paragraph 22, City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within Paragraph 22 at this time, and on that basis, denies each and every allegation contained therein.

23.     Answering Paragraph 23, City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within Paragraph 23 at this time, and on that basis, denies each and every allegation contained therein.

24.     Answering Paragraph 24, City admits the allegations contained therein.

25.     Answering Paragraph 25, City admits the allegations contained therein.

26.     Answering Paragraph 26, City admits the allegations contained therein.

27.     Answering Paragraph 27, City denies that California Vehicle Code section 22852, subdivision (e) references anything about an administrative hearing or notice thereof.

28.     Answering Paragraph 28, City admits that it began the hearing process on the date mentioned in Paragraph 28.

///

LOZANO SMITH
7404 N. Spalding Avenue Fresno, CA 93720-3370
Tel 559-431-5600 Fax 559-261-9366

Defendant City of Grover Beach's
Answer to Complaint                          3                    Payne v. City of Grover Beach
                                                                  Case No.: 25-cv-12282-CV-KES

29.    Answering Paragraph 29, City denies that it failed to provide Plaintiff with notice of the hearing as an officer contacted him specifically to discuss his request for a hearing despite his failure to provide the City with proof of ownership.

30.    Answering Paragraph 30, City denies that it did not allow Plaintiff to make his case at a hearing as the officer responsible for conducting the hearing reached out to the Plaintiff but received no response. City further denies any legal obligation to notify Plaintiff of any particular hearing procedures.

31.    Answering Paragraph 31, City denies that any hearing occurred ex parte.

32.    Answering Paragraph 32, City denies that it did not afford Plaintiff an opportunity to present evidence at a hearing.

33.    Answering Paragraph 33, City denies that it did not afford Plaintiff an opportunity to challenge the City's evidence at a hearing.

34.    Answering Paragraph 34, City denies that the officer conducted an ex parte hearing when Plaintiff's own moving papers show that she invited Plaintiff to discuss the issue with her further.

35.    Answering Paragraph 35, City denies that the officer communicated the hearing outcome to Plaintiff through a voicemail because the voicemail indicates that the officer invited further discussion of the issue.

36.    Answering Paragraph 36, City admits that it did not provide Plaintiff with a written decision.

37.    Answering Paragraph 37, City admits that it did not create a recording of Plaintiff's interaction with the officer responsible for post-impoundment hearings.

38.    Answering Paragraph 38, City denies the allegations contained therein.

39.    Answering Paragraph 39, City denies the allegations contained therein.

40.    Answering Paragraph 40, City denies that it is responsible for the harm alleged by the Plaintiff.  City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained within Paragraph 40 at this time, and on that basis, denies each and every allegation contained therein

41.    Answering Paragraph 41, City generally and specifically denies the allegations contained therein.

LOZANO SMITH
7404 N. Spalding Avenue Fresno, CA 93720-3370
Tel 559-431-5600 Fax 559-261-9366

42. Answering Paragraph 42, City generally and specifically denies the allegations contained therein.

43. Answering Paragraph 43, City generally and specifically denies the allegations contained therein.

44. Answering Paragraph 44, City generally and specifically denies the allegations contained therein.

45. Answering Paragraph 45, City generally and specifically denies the allegations contained therein.

46. Answering Paragraph 46, City generally and specifically denies the allegations contained therein.

47. Answering Paragraph 47, City alleges that the allegations in Paragraph 47 contain primarily legal argument or legal conclusions that do not require admission or denial.

48. Answering Paragraph 48, City admits the allegations contained therein.

49. Answering Paragraph 49, City alleges that the allegations in Paragraph 49 contain primarily legal argument or legal conclusions that do not require admission or denial.

50. Answering Paragraph 50, City denies that Plaintiff has provided indicia of ownership that would indicate he has a constitutionally protected property interest in the 2019 Tesla.

51. Answering Paragraph 51, City alleges that the allegations in Paragraph 51 contain primarily legal argument or legal conclusions that do not require admission or denial.

52. Answering Paragraph 52, City generally and specifically denies the allegations contained therein.

53. Answering Paragraph 53, City generally and specifically denies the allegations contained therein.

54. Answering Paragraph 54, City generally and specifically denies the allegations contained therein.

55. Answering Paragraph 55, City generally and specifically denies the allegations contained therein.

///

LOZANO SMITH
7404 N. Spalding Avenue Fresno, CA 93720-3370
Tel 559-431-5600 Fax 559-261-9366

Defendant City of Grover Beach's
Answer to Complaint                    5                    Payne v. City of Grover Beach
Case No.: 25-cv-12282-CV-KES

56.    Answering Paragraph 56, City generally and specifically denies the allegations contained therein.

57.    Answering Paragraph 57, City generally and specifically denies the allegations contained therein.

58.    Answering Paragraph 58, City generally and specifically denies the allegations contained therein.

59.    Answering Paragraph 59, City generally and specifically denies the allegations contained therein.

60.    Answering Paragraph 60, City generally and specifically denies the allegations contained therein.

61.    Answering Paragraph 61, City alleges that the allegations in Paragraph 61 contain primarily legal argument or legal conclusions that do not require admission or denial.

62.    Answering Paragraph 62, City alleges that the allegations in Paragraph 62 contain primarily legal argument or legal conclusions that do not require admission or denial.

63.    Answering Paragraph 63, City alleges that the allegations in Paragraph 63 contain primarily legal argument or legal conclusions that do not require admission or denial.

64.    Answering Paragraph 64, City alleges that the allegations in Paragraph 64 contain primarily legal argument or legal conclusions that do not require admission or denial.

65.    Answering Paragraph 65, City alleges that the allegations in Paragraph 65 contain primarily legal argument or legal conclusions that do not require admission or denial.

66.    Answering Paragraph 66, City admits that impoundment of Plaintiff's vehicle was authorized by law. City denies the remaining allegations of Paragraph 66.

67.    Answering Paragraph 67, City generally and specifically denies the allegations contained therein.

68.    Answering Paragraph 68, City generally and specifically denies the allegations contained therein.

69.    Answering Paragraph 69, City denies that the continued impoundment of the 2019 Tesla makes the seizure unreasonable when Plaintiff has not provided the City proof of ownership or agreed to

LOZANO SMITH
7404 N. Spalding Avenue Fresno,  CA 93720-3370
Tel 559-431-5600  Fax 559-261-9366

Defendant City of Grover Beach's
Answer to Complaint                              6                    Payne v. City of Grover Beach
Case No.: 25-cv-12282-CV-KES

pay impound fees. City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations contained within Paragraph 69 at this time, and on that basis, denies each and every allegation contained therein.

70.     Answering Paragraph 70, City generally and specifically denies the allegations contained therein.

71.     Answering Paragraph 71, City generally and specifically denies the allegations contained therein.

72.     Answering Paragraph 72, City generally and specifically denies the allegations contained therein.

73.     Answering Paragraph 73, City alleges that the allegations in Paragraph 73 contain primarily legal argument or legal conclusions that do not require admission or denial.

74.     Answering Paragraph 74, City generally and specifically denies the allegations contained therein.

75.     Answering Paragraph 75, City generally and specifically denies the allegations contained therein.

76.     Answering Paragraph 76, City admits that the process it undertook in response to Plaintiff's actions satisfies due process and that the continued impoundment of the 2019 Tesla is lawful.

77.     Answering Paragraph 77, City alleges that the allegations in Paragraph 77 contain primarily legal argument or legal conclusions that do not require admission or denial.

78.     Answering Paragraph 78, City alleges that the allegations in Paragraph 78 contain primarily legal argument or legal conclusions that do not require admission or denial.

79.     Answering Paragraph 79, City alleges that the allegations in Paragraph 79 contain primarily legal argument or legal conclusions that do not require admission or denial.

80.     Answering Paragraph 80, City alleges that the allegations in Paragraph 80 contain primarily legal argument or legal conclusions that do not require admission or denial.

81.     Answering Paragraph 81, City generally and specifically denies the allegations contained therein.

///

Defendant City of Grover Beach's
Answer to Complaint                                    7                        Payne v. City of Grover Beach
                                                                               Case No.: 25-cv-12282-CV-KES

LOZANO SMITH
7404 N. Spalding Avenue Fresno, CA 93720-3370
Tel 559-431-5600 Fax 559-261-9366

82.    Answering Paragraph 82, City generally and specifically denies the allegations contained therein.

83.    Answering Paragraph 83, City generally and specifically denies the allegations contained therein.

84.    Answering Paragraph 84, City generally and specifically denies the allegations contained therein.

85.    Answering Paragraph 85, City alleges that the allegations in Paragraph 85 contain primarily legal argument or legal conclusions that do not require admission or denial.

86.    Answering Paragraph 86, City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within Paragraph 18 at this time, and on that basis, denies each and every allegation contained therein.

87.    Answering Paragraph 87, City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within Paragraph 87 at this time, and on that basis, denies each and every allegation contained therein.

88.    Answering Paragraph 88, City alleges that the allegations in Paragraph 88 contain primarily legal argument or legal conclusions that do not require admission or denial.

89.    Answering Paragraph 89, City generally and specifically denies the allegations contained therein.

90.    Answering Paragraph 90, City lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations contained within Paragraph 90 at this time, and on that basis, denies each and every allegation contained therein.

91.    Answering Paragraph 91, City generally and specifically denies the allegations contained therein.

92.    Answering Paragraph 92, City alleges that the allegations in Paragraph 92 contain primarily legal argument or legal conclusions that do not require admission or denial.

93.    Answering Paragraph 93, City generally and specifically denies the allegations contained therein.

///

LOZANO SMITH
7404 N. Spalding Avenue Fresno,  CA 93720-3370
Tel 559-431-5600  Fax 559-261-9366

Defendant City of Grover Beach's
Answer to Complaint                          8                          Payne v. City of Grover Beach
Case No.: 25-cv-12282-CV-KES

94. Answering Paragraph 94, City generally and specifically denies the allegations contained therein.

95. Answering Paragraph 95, City generally and specifically denies the allegations contained therein.

96. Answering Paragraph 96, City generally and specifically denies the allegations contained therein.

97. Answering Paragraph 97, County alleges that the allegations in Paragraph 97 contain primarily legal argument or legal conclusions that do not require admission or denial.

98. Answering Paragraph 98, City alleges that the allegations in Paragraph 98 contain primarily legal argument or legal conclusions that do not require admission or denial.

99. Answering Paragraph 99, City alleges that the allegations in Paragraph 99 contain primarily legal argument or legal conclusions that do not require admission or denial.

100. Answering Paragraph 100, City alleges that the allegations in Paragraph 100 contain primarily legal argument or legal conclusions that do not require admission or denial.

101. Answering Paragraph 101, City generally and specifically denies the allegations contained therein.

102. Answering Paragraph 102, City alleges that the allegations in Paragraph 102 contain primarily legal argument or legal conclusions that do not require admission or denial.

103. As separate affirmative defenses, Defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

The Complaint fails to state facts sufficient to constitute a cause of action or claim, or any cause of action or claim, against City upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

### (Qualified Immunity)

To the extent City acted or omitted to act in connection with Plaintiff, City did not violate any clearly established statutory or constitutional right of Plaintiffs, and City's conduct was objectively

LOZANO SMITH
7404 N. Spalding Avenue Fresno, CA 93720-3370
Tel 559-431-5600 Fax 559-261-9366

---

Defendant City of Grover Beach's
Answer to Complaint                    9                    Payne v. City of Grover Beach
Case No.: 25-cv-12282-CV-KES

reasonable under the circumstances, such that it is immune from liability for the acts alleged in the Complaint.

### THIRD AFFIRMATIVE DEFENSE

### (Compliance with State and Federal Law)

At all times relevant to the Complaint, City has properly complied with California and Federal law.

### FOURTH AFFIRMATIVE DEFENSE

### (Frivolous Claims)

### (As to All Causes of Action Alleged Against Defendant)

City is informed and believes and thereon alleges that Plaintiff's claims are frivolous and known by Plaintiff to be frivolous and without foundation in fact and law. City is further informed and believes and thereon alleges that this lawsuit is being pursued in bad faith for vexatious reasons for the purpose of harassing City. Accordingly, City is entitled to attorney's fees and other appropriate costs and expenses.

### FIFTH AFFIRMATIVE DEFENSE

### (Reasonable Seizure-Related Conduct)

City alleges that the acts complained of by Plaintiff were committed, if at all, in the course of making lawful seizure and/or arrest. In making this lawful seizure, the officer used only reasonable force.

### SIXTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

Plaintiff has failed to plead, or exhaust, the required administrative remedies necessary in order to prevail upon any of the causes of action alleged in his Complaint, and thus Plaintiff's Complaint, and each cause of action alleged therein, is barred.

///

///

///

///

LOZANO SMITH
7404 N. Spalding Avenue Fresno, CA 93720-3370
Tel 559-431-5600 Fax 559-261-9366

## RESERVATION OF RIGHT

City reserves the right to assert additional affirmative defenses should it become aware of any such additional defenses during the course of discovery in this action.

WHEREFORE, City respectfully requests that the Court:

1.    Dismiss Plaintiff's Complaint with prejudice;

2.    Order that Plaintiff take nothing from their Complaint;

3.    Judgment be rendered in favor of City;

4.    Award City all costs of suit incurred herein;

5.    Award City attorney's fees as permitted by statute or decisional law; and

6.    Grant such other relief that the Court may deem just and proper.

Dated: May 26, 2026

Respectfully submitted,

**LOZANO SMITH**

_/s/ Wiley R. Driskill_
Wiley R. Driskill
Attorneys for Defendant
CITY OF GROVER BEACH

LOZANO SMITH
7404 N. Spalding Avenue Fresno, CA 93720-3370
Tel 559-431-5600 Fax 559-261-9366

Defendant City of Grover Beach's
Answer to Complaint

11

Payne v. City of Grover Beach
Case No.: 25-cv-12282-CV-KES

**CERTIFICATE OF SERVICE**

I, **Veronica Banda,** am employed in the County of Fresno, State of California. I am over the age of eighteen years and not a party to the within entitled cause; my business address is 7404 N. Spalding Avenue, Fresno, California 93720. My electronic service email address is vbanda@lozanosmith.com.

I hereby certify that on May 26, 2026, I electronically filed the document **CITY OF GROVER BEACH'S ANSWER TO COMPLAINT** with the Clerk of the Court by using the CM/ECF system. I caused delivery to be made on the interested parties in this action by the mode of service indicated below:

> Christopher Scott Payne
> P.O. Box 1318, M/S 3147
> Sacramento, CA 95812
> ***PRO SE***
> Email:  paynec9@icloud.com
>         castillochristen33@gmail.com
>         lost.yet.another21@gmail.com

[X]  (***Regular U.S. Mail on Pro Se***) on all parties in said action in accordance with Code of Civil Procedure Section 1013, by placing a true and correct copy thereof enclosed in a sealed envelope in a designated area for outgoing mail, addressed as set forth above, at Lozano Smith, which mail placed in that designated area is given the correct amount of postage and is deposited at the Post Office that same day, in the ordinary course of business, in a United States mailbox in the County of Fresno.

[X]  (***By Electronic Mail on Pro Se***) on all parties in said action by transmitting a true and correct to the persons at the email addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[  ]  (***By Personal Service***) by causing to be personally delivered a true copy thereof to the addressee above.

[  ]  ***(By Electronic Filing Service Provider)*** by transmitting a true and correct copy thereof by electronic filing service provider (EFSP), CM/ECF System, to the interested party(s) or their attorney of record to said action at the e-mail address(es) of record and contained within the relevant EFSP database listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication from the EFSP that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on May 26, 2026, at Fresno, California.

Veronica Banda

LOZANO SMITH
7404 N. Spalding Avenue Fresno, CA 93720-3370
Tel 559-431-5600 Fax 559-261-9366

Defendant City of Grover Beach's
Answer to Complaint                    12                    Payne v. City of Grover Beach
                                                            Case No.: 25-cv-12282-CV-KES