UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER SCOTT PAYNE, | Case No. 2:25-cv-12282-CV-KES |
| Plaintiff, | |
| v. | CASE MANAGEMENT AND SCHEDULING ORDER |
| CITY OF GROVER BEACH, | |
| Defendant. | |

**I.**

**BACKGROUND**

On December 29, 2025, Plaintiff Christopher Scott Payne ("Plaintiff") filed a complaint against Defendant City of Grover Beach ("Defendant") alleging unlawful seizure under the Fourth Amendment and violation of his procedural due process rights under the Fourteenth Amendment in connection with his arrest and the impoundment of his vehicle, a 2019 Tesla Model 3.  (Dkt. 1.)   Defendant filed an answer.  (Dkt. 57.)

To secure the just, speedy, and inexpensive determination of this action, the Court hereby enters the following Case Management and Scheduling Order ("Order").

## II.

## PRETRIAL DEADLINES

| | |
|---|---|
| Last Day to Serve Initial Disclosures | July 16, 2026 |
| Last Day to Exchange Documents Listed in Initial Disclosures | August 5, 2026 |
| File Status Reports Regarding Discovery | September 1, 2026 |
| Last Day to File Any Motions to Amend the Pleadings | September 9, 2026 |
| Last Day to Serve Opposing Parties with Interrogatories, Requests for Admission, and Requests for Production of Documents and Things | September 9, 2026 |
| Last Day to Serve Opposing Parties with Deposition Notices | November 20, 2026 |
| Last Day to Commence Depositions | December 11, 2026 |
| Complete Fact Discovery | December 18, 2026 |
| Last Day to File Discovery Motions | January 15, 2027 |
| Last Day to File Substantive Motions (such as Motions for Summary Judgment) | January 29, 2027 |

## III.

## CASE MANAGEMENT PROCEDURES

### A.    Compliance with Rules

All parties must comply with the Federal Rules of Civil Procedure ("FRCP") and the Local Civil Rules of the Central District of California unless compliance is expressly excused by this order or another Court order.  The FRCP are available at: https://www.federalrulesofcivilprocedure.org/frcp, and the Local Civil Rules are available at: https://www.cacd.uscourts.gov/court-procedures/local-rules.

The parties in this case are excused from complying with Local Rule 16 (governing final pretrial conferences and trial preparation), Local Rule 26-1 (requiring pretrial scheduling conferences), and Local Rules 37 and 45 (requiring use of joint stipulation procedure for filing discovery motions).

Parties filing discovery motions and defendants filing their *first* motion to dismiss shall comply with Local Rule 7-3.  See Local Rule 7-3 (requiring a party filing a motion to discuss the substance of the motion and any potential resolution with opposing counsel at least 7 days before filing the motion).  Compliance with Local Rule 7-3 is excused for subsequent motions to dismiss and for all motions for summary judgment.  Even when pre-filing meet-and-confer is excused, if one party invites another to meet-and-confer, the other party should do so in good faith.

**B.     How to File Documents with the Court as a Pro Se Party**

Because Plaintiff is proceeding pro se (meaning Plaintiff is not represented by an attorney), Plaintiff is exempt from the requirement to file documents electronically.  See Local Rule 5-4.2(a)(1).  Plaintiff may file documents with the Court using any of the following methods:

1.     By Mail: Plaintiff may mail documents to the Clerk at 411 West Fourth Street, Room 1053, Santa Ana, CA 92701-4516.  Plaintiff should do so far enough in advance to make sure that the Court receives them on or before the filing deadline.  A document post-marked by the filing deadline but not received by the Court until after the filing deadline is late.  The Court may refuse to consider documents that are filed late.

2.     In Person: Plaintiff may submit documents in person at the Clerk's intake window at one of the Central District of California's courthouses.  More information about the courthouses' hours and parking can be found on the Court's website at: http://www.cacd.uscourts.gov.

3.     By Email: Plaintiff may use the Clerk's Electronic Document

3

Submission System ("EDSS").[1]  Using EDSS requires Plaintiff to have internet access and an email account.  To access EDSS and for more information, visit the Court's website at: https://apps.cacd.uscourts.gov/edss.

4.      By E-Filing: Plaintiff may seek permission to e-file documents using the Court's CM/ECF System.  E-filing documents through CM/ECF may be faster than submitting documents through EDSS, but it requires more technical and legal knowledge.  If Plaintiff wishes to use CM/ECF, Plaintiff should complete an Application for Permission for Electronic Filing (Form CV-005) and file it with the Court.  The form is available on the Court's website at: http://www.cacd.uscourts.gov/forms/application-permission-electronic-filing.

**C.      Plaintiff's Mailing Address**

The P.O. Box listed at the top of Plaintiff's Complaint will be presumed correct and will be used to communicate with Plaintiff.  Plaintiff must notify the Court immediately if his or her mailing address changes by filing a Notice of Change of Address.  If Plaintiff fails to keep his or her address up to date, this action may be dismissed for failure to prosecute.  See Local Rule 41-6 ("If a Court order or other mail served on a pro se plaintiff at his address of record is returned by the Postal Service as undeliverable and the pro se party has not filed a notice of change of address within 14 days of the service date of the order or other Court document, the Court may dismiss the action with or without prejudice for failure to prosecute.").

**D.      Extensions of Time**

To request an extension of time for any of the deadlines set forth in this Order, a party should file a stipulation signed by all affected parties or a motion

---

[1] Attorneys may not use EDSS to submit documents on behalf of their clients.  Attorneys are required by the local rules to file documents electronically using the Court's CM/ECF System.

4

demonstrating good cause for the extension.  The motion should explain why an extension of time is needed and describe the party's diligent efforts to meet the initial filing deadline.  Such a motion should be filed *before* the deadline has expired.

**E.      Initial Disclosures**

1.      Deadline: The parties shall exchange initial disclosures as described in the FRCP 26(a)(1)(A)(i)-(iv) on or before **August 5, 2026**.

2.      Document Exchange: With regard to documents, FRCP 26(a)(1)(A)(ii) requires the parties to provide "a copy – or a description by category and location" of documents anticipated to be relevant to the parties' claims and defenses.  If a party initially provides only "a description by category and location," then that party shall provide actual copies of the documents identified (and, if needed, a privilege log identifying all relevant documents pre-dating this lawsuit withheld on the basis of privilege) on or before **August 19, 2026**.  The parties should meet and confer (in person or telephonically) to reach an agreement concerning how documents will be exchanged (e.g., paper copies, scanned images on a CD, native computer files on a CD, etc.).  The parties will each bear the cost of copying their own documents.

3.      Protective Order: To facilitate the exchange of relevant records that may contain sensitive confidential information (such as medical or financial records), the parties may apply to the Court for a protective order.  In drafting a proposed protective order, the parties are encouraged to use as a starting point the example protective order on the Court's website at: http://www.cacd.uscourts.gov/honorable-karen-e-scott.

4.      Duty of Preservation: All parties to a lawsuit must take reasonable steps to keep and preserve all records or other evidence (whether in paper or electronic form) that may be relevant to the claims or defenses asserted by any party to the lawsuit.  Such reasonable steps may include, without limitation,

disabling automatic delete functions on email accounts, printing online records that may subsequently become unavailable, preventing the automatic overwriting of surveillance camera footage, and saving voicemail recordings.  Plaintiff must preserve evidence that might be relevant to both his claims *and* Defendant's defenses.  Likewise, Defendant must preserve evidence that might be relevant to its defenses *and* Plaintiff's claims.  A party may face sanctions for failure to preserve evidence, including dismissal of their claims or defenses.  See FRCP 37.

**F.    Discovery**

1.    Availability: The parties may commence discovery.  Parties may obtain discovery regarding any matter that is: (a) not privileged, (b) relevant to the claims or defenses of any party, and (c) proportional to the needs of the case.  See FRCP 26(b)(1).  Self-represented litigants are entitled to discovery to the same extent as parties represented by counsel.  The Court expects that parties responding to discovery requests drafted by pro se litigants will interpret the requests in a common-sense fashion and provide available, relevant information.

2.    Discovery Stays: The Court may order a complete or partial stay of discovery in appropriate circumstances.  If any party wishes to propose an alternative schedule that involves a discovery stay to promote efficiency, the party may file a motion for stay at any time prior to the discovery cut-off date.

3.    Serving Parties with Requests for Discovery:  The parties should serve discovery requests on opposing parties as described in FRCP 5.  A party may not serve a discovery request by email unless the opposing party has consented to such service.  See FRCP 5(b)(2)(E).  Discovery requests do not need to be filed with the Court unless they are being used to support or oppose a motion.  See Local Rule 26-2.

4.    Fact Discovery Cut-Off: The fact discovery cut-off date is **December 18, 2026**.  All non-expert discovery must be ***completed*** on or prior to the fact

discovery cut-off date.[2]  Discovery taken by written requests (such as interrogatories, requests for admissions and requests for the production of documents or things) is considered completed on the date when the written response to the request is due.

5.      Interrogatories ("rogs"): All rogs shall be served **on or before September 9, 2026**.

6.      Requests for Admission ("RFAs"): All RFAs shall be served **on or before September 9, 2026**.  The subject matter of an RFA may be deemed "admitted" by a party who fails to serve a timely response.  See FRCP 36(a)(3).

7.      Requests for Production of Documents or Things ("RFPs"): All RFPs shall be served **on or before September 9, 2026**.  In drafting RFPs, parties should limit their requests to the time periods and subject matters that appear relevant to the claims and defenses in the litigation.  Any objections to an RFP must state whether any responsive materials are being withheld on the basis of that objection.  See FRCP 34(b)(2)(C).  Relevant, responsive documents that pre-date the filing of the litigation and are withheld on the basis of privilege should be identified in a privilege log.  See FRCP 26(b)(5).

8.      Depositions: All deposition notices shall be served on or before **November 20, 2026**, and at least **fourteen (14) days** prior to the date the deposition will commence.  All depositions shall be scheduled to commence on or before **December 11, 2026**.

9.      Non-Party Discovery: Parties proceeding pro se can apply to the Court to issue subpoenas to obtain documents and/or deposition testimony from non-parties following the procedures set forth in FRCP 45.  Copies of the Central District of California's standard subpoena forms for civil actions are available on

---

[2] If appropriate, the Magistrate Judge or District Judge assigned to this case may later set a deadline for completing expert discovery.

the Court's website at: https://www.cacd.uscourts.gov/court-procedures/forms.  If issued by the Court, the subpoena will be stamped by the Clerk and returned to the self-represented party for service in accordance with FRCP 45.  Parties seeking discovery via subpoena should note that, even if the Court has granted them leave to proceed in forma pauperis, this does not relieve them of their obligation to pay any witness fees or copying costs that may be required to compensate the non-parties who are subpoenaed.

10.    Discovery Status Report: **On or before September 1, 2026**, each party shall file and serve a status report containing the following information:  (a) a statement of the principal issues raised by the case, (b) a summary of what discovery has occurred, and the anticipated schedule for completing future discovery, (c) a list of contemplated motions, and the anticipated dates for filing such motions, (d) the status of settlement negotiations, including whether or not plaintiff has made a settlement demand and Defendant has responded with a counteroffer, (e) if and when the parties would be willing to attend a settlement conference with the Magistrate Judge assigned to the case, or another Magistrate Judge, and (f) any other suggestions the parties may wish to make regarding the management of this action.  Where feasible, the parties are encouraged to meet and confer and file a joint status report.  The joint status report shall include details about the status of the Tesla and any impound fees.

**G.    Motions**

1.    Pre-Filing Meet-and-Confer Requirements: As noted above, parties filing discovery motions and defendants filing their *first* motion to dismiss shall comply with Local Rule 7-3, which requires a party filing a motion to discuss the substance of the motion and any potential resolution with opposing counsel at least 7 days before filing the motion.  Compliance with Local Rule 7-3 is excused for subsequent motions to dismiss and for all motions for summary judgment.  Even when pre-filing meet-and-confer is excused, if one party invites another to meet-

8

and-confer, the other party should do so in good faith.

2.    Motions to Amend the Pleadings: The last day to file a motion to amend the pleadings or add new parties shall be **September 9, 2026**.  Any motion to amend the pleadings shall include a copy of the proposed amended pleading, and shall otherwise comply with Local Rules 7-3 and 15.  ***Any "Doe" Defendants named in the operative complaint who have not been identified in an amended pleading by this deadline will be automatically dismissed as of this deadline.***

3.    Discovery Motions: All motions related to fact discovery (such as motions to compel or motions to quash subpoenas) shall be filed **on or before January 15, 2027**.  The parties are excused from complying with Local Rule 37-1.  The motion shall describe what efforts were made to resolve the discovery dispute prior to filing the motion.  The Court expects the parties to cooperate to resolve discovery disputes reasonably without resorting to filing discovery motions whenever possible.  Oppositions to discovery motions should focus on the merits of the discovery dispute rather than perceived defects in the format of the moving papers.

4.    Substantive Motions: Any motion directed to the Court's jurisdiction or the merits of any claim or defense (such as a motion to dismiss or a motion for summary judgment) shall be filed **on or before January 29, 2027**.

Unless otherwise ordered, any opposition to the motion (or a notice of non-opposition) shall be filed and served within **twenty-eight (28) days** of service of the motion, and any reply papers shall be filed and served within **fourteen (14) days** after service of the opposition.  The moving party may notice the motion for hearing at least **fifty-six (56) days** after service of the motion, but the Court may elect not to hold oral argument and instead decide the matter on the basis of all timely filed papers.  See Local Rule 7-15.

If a defendant plans to include expert-dependent arguments in a motion for summary judgment, then the motion should: (a) clearly separate the expert-

dependent arguments from the non-expert dependent arguments, and (b) in the required "Statement of Uncontroverted Facts and Conclusions of Law" (see Local Rule 56-1) clearly separate the facts asserted to be material and uncontroverted that are relevant to the expert-dependent arguments versus the non-expert dependent arguments.  The Court will address the non-expert dependent arguments first and only reach the expert-dependent arguments if necessary.  If the Court needs to reach expert-dependent arguments, then the Court may adjust pre-trial deadlines to give a plaintiff proceeding in forma pauperis the opportunity to seek counsel who may, in turn, conduct expert-related discovery and request funds to retain an expert.  The Court may also defer deciding such a motion until the District Judge has set a trial date which triggers deadlines to disclose experts and conduct expert discovery.  Defendant should not expect the Court to find that an expert opinion is an undisputed fact simply because an indigent or incarcerated plaintiff lacks the funds or means of communication to retain an expert.

**H.     Settlement Procedures**

1.      It is the policy of the Court to encourage disposition of civil litigation by settlement when such is in the best interest of the parties.  The Court favors any reasonable means to accomplish this goal.  See Local Rule 16-15.

2.      The parties may engage in settlement discussions at any time.  It is the Court's experience that an early, reasonable settlement demand can spur efficient resolution.

3.      Plaintiff may send Defendant a settlement demand letter marked "confidential."  Any such demands or offers generally may not be used in court to prove or defeat any claims or defenses.  See Fed. R. Evid. 408.[3]

4.      The Court expects Defendant to treat Plaintiff like a party represented

---

[3] The Federal Rules of Evidence are available at:
https://www.uscourts.gov/sites/default/files/Rules%20of%20Evidence.

by counsel.  Defendant should respond to any settlement demand letter sent by Plaintiff with either an acceptance, a reasonable counteroffer, or a rejection containing a brief statement of Defendant's reasons for the rejection.

5.    If the parties would like to engage in an early settlement conference with a Magistrate Judge, then they should alert the Court and the Court will use its best efforts to arrange a conference.


DATED:  May 28, 2026    _____

KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE

11

| Free Legal Help for People without an Attorney | | |
|---|---|---|
| **Los Angeles** | **Santa Ana** | **Riverside** |
| *Location:*<br>Edward Roybal R. Federal Building and Courthouse<br>255 East Temple Street<br>Suite 170 (Terrace Level)<br>Los Angeles, CA 90012 | *Location:*<br>Ronald Reagan Federal Building and Courthouse<br>411 W. 4th Street<br>Room 1055 (1st Floor)<br>Santa Ana, CA 92701 | *Location:*<br>George E. Brown Federal Building<br>3420 Twelfth Street<br>Room 125<br>Riverside, CA 92501 |
| *Hours:*<br>Wednesday<br>10:00 a.m. – 12:00 p.m. and<br>1:00 p.m. – 3:00 p.m. | *Hours:*<br>Tuesday<br>1:00 p.m. – 4:00 p.m. (virtual)<br>Thursday<br>10:00 a.m. – 12:00 p.m. and<br>1:30 p.m. – 3:30 p.m.<br>(in person at the courthouse) | *Hours:*<br>Monday and Wednesday<br>9:00 a.m. – 3:00 p.m. |
| To make an appointment or for more information, contact Public Counsel at:<br>(213) 385-2977, ext. 270 | For more information, contact Public Law Center at:<br>(714) 541-1010, Ext. 222 | For more information, contact Public Service Law Corporation at:<br>(951) 682-7968 |

**Visit the Court's website for further information:**
**http://prose.cacd.uscourts.gov/federal-pro-se-clinics**