Wiley R. Driskill, SBN 253913
Karmdeep Gill, SBN 317358
LOZANO SMITH
7404 N. Spalding Avenue
Fresno, CA 93720-3370
Telephone: (559) 431-5600
Facsimile: (559) 261-9366
Emails: wdriskill@lozanosmith.com
kgill@lozanosmith.com

Attorneys for Defendant
CITY OF GROVER BEACH

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER SCOTT PAYNE, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF GROVER BEACH, a municipal entity,<br><br>Defendant. | Case No. 2:25-cv-12282-CV-KES<br><br>**DEFENDANT CITY OF GROVER BEACH'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Action Filed: December 29, 2025<br>Judge: Hon. Karen E. Scott<br><br>**Fed. R. Civ. P. 12(c)**<br><br>Date: November 10, 2026<br>Time: 10:00 a.m.<br>Courtroom: 6D, 6th Floor<br>Judge: Hon. Karen E. Scott<br><br>[*Filed separately but concurrently with Declaration of Karmdeep S. Gill and Defendant's Notice of Motion and Motion*] |

LOZANO SMITH
7404 N. Spalding Ave., Fresno, CA 93720
Tel 559-431-5600 Fax 559-261-9366

LOZANO SMITH
7404 N. Spalding Ave., Fresno, CA 93720
Tel 559-431-5600 Fax 559-261-9366

## I. INTRODUCTION

Plaintiff's Complaint for Declaratory and Injunctive Relief ("Complaint") fails to allege facts sufficient to support its causes of action. The Complaint's causes of actions based upon alleged constitutional violations asserted under 42 U.S.C. § 1983 (Compl. ¶¶ 47–60, 61–72) lack allegations that plausibly suggest that Defendant City of Grover Beach ("City") had a policy in place that violated Plaintiff's constitutional rights. Though the Complaint alleges that the City maintains policies, customs, and practices that violate individuals' constitutional right to due process (Compl. ¶¶ 41–46), its allegations are conclusory in nature. The Complaint does not describe a written policy or prior similar incidents that would support *Monell* liability. Further, the Complaint does not contain any allegations that the City maintains policies, customs, and practices that violate individuals' constitutional right to be free from unreasonable search and seizure. (Compl. ¶¶ 41–46, 71.)

These deficiencies require the dismissal of all claims against the City.[1]

## II. STATEMENT OF FACTS

On December 13, 2025, police officers from the Grover Beach Police Department ("GBPD") initiated a traffic stop of a white Tesla that had a defaced license plate. (Compl. ¶¶ 12–13.) The officers eventually arrested the driver of the Tesla, Christopher Scott Payne ("Plaintiff"), for a violation of California Penal Code section 148(a) and impounded the vehicle. (Compl. ¶¶ 16–17.) On December 19, 2025, Plaintiff submitted a written request for an administrative hearing to contest the impoundment of his vehicle. (Compl. ¶ 25.) Three days later, on December 22, an officer from GPBD contacted Plaintiff and left him a voicemail. (Compl. ¶ 35.) The officer told Plaintiff that proof of registration was required to release the vehicle and Plaintiff could come to the GBPD or call the officer back if he wanted to discuss the issue further. (Compl. ¶ 35, Exhibit B.)

///

///

[1] Though the Complaint contains two more causes of action, these causes of action are remedies sought by Plaintiff rather than legal claims against the City. (See Compl. ¶¶ 73–78, 79–102.)

## III. GOVERNING LAW

The applicable standard for a motion under Rule 12(c) is functionally identical to the standard for a motion to dismiss under Rule 12(b)(6). *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint filed in federal court. *Ileto v. Glock Inc.*, 349 F.3d 1191, 1199–200 (9th Cir. 2003). In other words, such a motion requires a determination of whether Plaintiff has stated a cognizable legal theory, and whether the facts alleged in the Complaint, if proven, are sufficient to establish a claim under a cognizable legal theory. *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998); *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988). "'While legal conclusions can provide the framework of a complaint,' neither legal conclusions nor conclusory statements are themselves sufficient, and such statements are not entitled to a presumption of truth." *Webb v. County of Trinity*, 734 F.Supp.2d 1018, 1025 (E.D. Cal. 2010) [quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)]. Moreover, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Plaintiff's Complaint must show entitlement to relief, as opposed to a blanket assertion. *Everett H. v. Dry Creek Joint Elem. Sch. Dist.* 5 F.Supp.3d 1167, 1176 (E.D. Cal. 2014).

When evaluating a Rule 12(b)(6) motion, the Court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Barron v. Reich*, 13 F.3d 1370, 1374 (9th Cir. 1994). However, the Court is not required to accept "conclusory legal allegations cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994); *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Where there is a "lack of a cognizable theory" or an "absence of sufficient facts alleged under a cognizable legal theory," dismissal under Rule 12(b)(6) is proper. *Balistreri*, 901 F.2d at 699; *see also Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). "A plaintiff's factual allegations must be enough to raise a right to relief above the speculative level." *Falls v. County of*

/ / /

LOZANO SMITH
7404 N. Spalding Ave., Fresno, CA 93720
Tel 559-431-5600 Fax 559-261-9366

*Riverside*, 2022 WL 1837516, 3 (C.D. Cal. 2022) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (quotation marks omitted, alterations accepted).

**IV. <u>ARGUMENT</u>**

**The First and Second Causes of Action are Subject to Dismissal for Failure to State a Claim.**

"[T]he Supreme Court [has] held that a municipality may not be held liable for a § 1983 violation under a theory of respondeat superior for the actions of its subordinates. In order to establish municipal liability, a plaintiff must show that a "policy or custom" led to the plaintiff's injury." *Castro v. County of Los Angeles*, 833 F.3d 1060, 1073 (9th Cir. 2016) (citing *Monell v. Department of Social Services*, 436 U.S. 658 (1978)). "To impose *Monell* liability on a municipality under Section 1983, plaintiff must prove: (1) he had a constitutional right of which he was deprived; (2) the municipality had a policy; (3) the policy amounts to deliberate indifference to his constitutional right; and (4) the policy is the moving force behind the constitutional violation." *Gordon v. County of Orange*, 6 F.4th 961, 973 (9th Cir. 2021) (citation and quotation marks omitted, alteration accepted). "A policy has been defined as a deliberate choice to follow a course of action ... made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Waggy v. Spokane County Washington*, 594 F.3d 707, 713 (9th Cir. 2010) (citation and quotation marks omitted).

"A plaintiff can satisfy *Monell*'s policy requirement in one of three ways." *Gordon*, 6 F.4th at 974. A public entity may be held liable: 1) "when it acts pursuant to an expressly adopted policy"; 2) "for a longstanding practice or custom"; or 3) "when the individual who committed the constitutional tort was an official with final policy-making authority or such an official ratified a subordinate's unconstitutional decision or action and the basis for it." *Id.* (citations and quotation marks omitted). "Proof of random acts or isolated events is insufficient to establish custom." *Navarro v. Block*, 72 F.3d 712, 714 (9th Cir. 1995). "A plaintiff cannot prove the existence of a municipal policy or custom based solely on the occurrence of a single incident of unconstitutional action by a non-policymaking employee." *Soto v. Gardena Police*

LOZANO SMITH
7404 N. Spalding Ave., Fresno, CA 93720
Tel 559-431-5600 Fax 559-261-9366

*Department*, 2021 WL 8892854, 4 (C.D. Cal.) (quoting *Davis v. City of Ellensburg*, 869 F.2d 1230, 1233 (9th Cir. 1989). "Instead, liability must be founded upon practices of sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Id.* (citation and quotation marks omitted).

Here, Plaintiff alleges that the City maintains "policies, customs, and practices" through which it violates individuals' rights under the Fourteenth and Fourth Amendments. (Compl. ¶¶ 41–46, 59–60, 71–72.) However, the Complaint does not describe any written policy the City expressly adopted. Nor does the Complaint allege that an official with policy-making authority committed, or ratified, the alleged constitutional violations. Most importantly, the Complaint is bereft of any allegations describing even one other incident involving these purported policies, customs, and practices. Ultimately, Plaintiff alleges a single incident of unconstitutional activity, the impoundment of his vehicle and subsequent failure to provide him with an administrative hearing. "[A] single incident of unconstitutional activity is not sufficient to impose liability under *Monell*." *Gordon*, 6 F.4th at 974 (citation and quotation marks omitted).

In order to circumvent his inability to provide additional instances involving the City's alleged polices, customs, and practices, Plaintiff states "upon information and belief" that the City maintains such policies, customs, and practices without describing what information he relied upon in forming his belief. (Compl. ¶¶ 41–46.) These vague and unsupported allegations are insufficient to "raise [his] right to relief above the speculative level." *Twombley*, 550 U.S. at 555.

///

///

///

///

///

///

///

///

LOZANO SMITH
7404 N. Spalding Ave., Fresno, CA 93720
Tel 559-431-5600 Fax 559-261-9366

## V. CONCLUSION

The City respectfully requests that this motion be granted and the Complaint be dismissed for the reasons set forth above.

Dated: September 9, 2026

Respectfully submitted,

**LOZANO SMITH**

Wiley R. Driskill
Karmdeep S. Gill
Attorneys for Defendant
CITY OF GROVER BEACH

LOZANO SMITH
7404 N. Spalding Ave., Fresno, CA 93720
Tel 559-431-5600 Fax 559-261-9366

## PROOF OF SERVICE

I, **Shaun R. Ardemagni,** am employed in the County of Fresno, State of California. I am over the age of eighteen years and not a party to the within entitled cause; my business address is7404 N. Spalding Ave., Fresno, California, 93720. **FOR ELECTRONIC SERVICE:** My email address is **sardemagni@lozanosmith.com**.

On September 9, 2026, I served the attached:

**DEFENDANT CITY OF GROVER BEACH'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS**

on the interested parties in said cause, by causing delivery to be made by the mode of service indicated below:

Christopher Scott Payne
P.O. Box 1318, M/S 3147
Sacramento, CA 95812
***PRO SE***
Email: paynec9@icloud.com
castillochristen33@gmail.com
lost.yet.another21@gmail.com

[ X ] (***Regular U.S. Mail***) on all parties in said action in accordance with Code of Civil Procedure Section 1013, by placing a true and correct copy thereof enclosed in a sealed envelope in a designated area for outgoing mail, addressed as set forth above, at Lozano Smith, which mail placed in that designated area is given the correct amount of postage and is deposited at the Post Office that same day, in the ordinary course of business, in a United States mailbox in the County of Fresno.

[ X ] (***By Electronic Mail***) on all parties in said action by transmitting a true and correct to the persons at the email addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on September 9, 2026, at Fresno, California.

Shaun R. Ardemagni
Shaun R. Ardemagni

LOZANO SMITH
7404 N. Spalding Ave., Fresno, CA 93720
Tel 559-431-5600 Fax 559-261-9366