UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER SCOTT PAYNE,<br>Plaintiff,<br>v.<br>CITY OF GROVER BEACH,<br>Defendant. | Case No. 2:25-cv-12282-CV-KES<br><br>REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |

This Report and Recommendation ("R&R") is submitted to the Honorable Cynthia Valenzuela, United States District Judge, pursuant to the provisions of 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.

## I. INTRODUCTION

Christopher Scott Payne ("Plaintiff") filed a pro se civil rights complaint against the City of Grover Beach ("Defendant"), alleging Fourth and Fourteenth Amendment violations in relation to the seizure and impoundment of Plaintiff's car. (Dkt. 1.) Plaintiff filed three applications for a Temporary Restraining Order ("TRO"), all of which were denied. (See Dkt. 19, 33, 47.) Plaintiff then filed a

motion for leave to file a First Amended Complaint ("FAC"), which was denied for failure to follow the Local Rules. (Dkt. 48, 49.) The Court later issued an order setting deadlines and instructing Plaintiff to keep his address up to date. (Dkt. 54.) Since then, Plaintiff has not met those deadlines, has not responded to Defendant's emails, and Defendant's written discovery requests have been returned as undeliverable by the U.S. Postal Service. (Dkt. 59.) The Court issued an order to show cause ("OSC") why this case should not be dismissed on September 2, 2026, setting a deadline for Plaintiff's response by September 16, 2026, which Plaintiff failed to meet. (Dkt. 60.) On September 9, 2026, Defendant filed a motion for judgment on the pleadings. (Dkt. 61.) This R&R recommends DISMISSING Plaintiff's claims without prejudice but without further leave to amend for failure to prosecute and failure to follow court orders, and denying Defendant's motion as moot.

## II. PROCEDURAL HISTORY

On December 29, 2025, Plaintiff filed his Complaint against the City of Grover Beach. (Dkt. 1.) Plaintiff alleged Fourth Amendment and procedural due process claims under 42 U.S.C. § 1983, seeking declaratory relief, injunctive relief, and damages. (Id. at 13-30.) Plaintiff's claims arise out of his arrest on December 13, 2025, the city's impoundment of his 2019 Tesla Model 3, and a subsequent ex parte administrative hearing on the validity of the impoundment held on December 22, 2025. (Id. at 2.)

On the same day, Plaintiff filed an ex parte application ("First Application") for a TRO. (Dkt. 4.) Per a briefing order by the Court on the TRO application (Dkt. 8), Defendant filed its opposition on January 8, 2026 (Dkt. 16) and Plaintiff filed a reply on January 12, 2026 (Dkt. 17). The First Application was denied on January 15, 2026 for failing to demonstrate a likelihood of success on the merits. (Dkt. 19.) Plaintiff also filed a request to proceed in forma pauperis, which the Court granted on January 5, 2026. (Dkt. 11, 15.)

Plaintiff filed a motion for an emergency TRO ("Second Application") and a request for an order to show cause regarding contempt on January 19, 2026. (Dkt. 20.) The Court denied the request for an order to show cause on January 28, 2026. (Dkt. 33.) On February 3, 2026, the Court denied Plaintiff's Second Application for failing to demonstrate a likelihood of success on the merits. (Dkt. 40.)

Plaintiff filed a renewed application for a TRO ("Third Application") on February 6, 2026. (Dkt. 44.) The Court denied the Third Application on February 17, 2026, ordering Plaintiff to make efforts to resolve the issue with the Defendant before seeking relief. (Dkt. 47.)

On February 27, 2026, Plaintiff filed a motion for leave to file a FAC, setting a hearing for March 3, 2026. (Dkt. 48.) The Court denied Plaintiff's motion for failure to set a hearing date at least 28 days after the motion is filed per Local Rule 6-1, failure to include a declaration describing the parties' pre-filing conference per Local Rule 7-3, and failure to attach a copy of the proposed FAC per Local Rule 15-1. (Dkt. 49.) On March 18, 2026, the Court issued an order instructing Plaintiff how to properly file a motion for leave to file a FAC, setting a deadline on April 6, 2026, and otherwise ordering Defendant to file an Answer by April 28, 2026, should Plaintiff fail to meet the April 6 deadline. (Dkt. 51.)

On April 27, 2026, Plaintiff filed a declination of consent to proceed before a Magistrate Judge. (Dkt. 52.) On May 4, 2026, the Court issued an order clarifying General Order no. 05-07 and ordering the parties to file a joint status report by May 11, 2026. (Dkt. 53.) On May 11, 2026, Defendant filed a status report stating that Plaintiff had stopped responding to emails about potentially amending his complaint. (Dkt. 54.) Defendant filed its Answer on May 26, 2026. (Dkt. 57).

On May 27, 2026, the Court issued a Case Management and Scheduling Order ("CMO") setting deadlines and warning Plaintiff that failure to keep his mailing address up to date could result in dismissal. (Dkt. 58.) On September 1,

2026, Defendant filed a discovery status report per the CMO deadline but Plaintiff did not. (Dkt. 59.) On September 2, 2026, the Court issued an OSC, requiring Plaintiff to respond by September 16, 2026, for why the case should not be dismissed for failure to keep an updated mailing address and failure to follow court orders. (Dkt. 60.) Defendant filed a motion for judgment on the pleadings on September 9, 2026. (Dkt. 61.) Plaintiff did not file a response to the OSC by September 16, 2026.

## III. LEGAL STANDARD

A district court may dismiss an action for failure to prosecute, failure to follow court orders, or failure to comply with the federal or local rules. See Fed. R. Civ. P. 41(b); Link v. Wabash R. Co., 370 U.S. 626, 629-30 (1962); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). Central District of California Local Rule 41-1 provides, "Civil suits which have been pending for an unreasonable period of time without any action having been taken therein may, after notice, be dismissed for want of prosecution." L.R. 41-1.

Central District of California Local Rule 41-6 requires a "party proceeding pro se" to "keep the Court and all other parties informed of the party's current address…" L.R. 41-6. "If a Court order or other mail served on a pro se plaintiff at his address of record is returned by the Postal Service as undeliverable and the pro se party has not filed a notice of change of address within 14 days of the service date of the order or other Court document, the Court may dismiss the action with or without prejudice for failure to prosecute."

The Court has discretion to dismiss the action with or without prejudice. See Fed. R. Civ. P. 41(b) ("Unless the dismissal order states otherwise," or certain exceptions apply, a dismissal pursuant to Federal Rule of Civil Procedure 41(b) "operates as an adjudication on the merits."); L.R. 41-2 ("Unless the Court provides otherwise, any dismissal pursuant to [Local Rule] 41-1 shall be without prejudice."); Al-Torki v. Kaempen, 78 F.3d 1381, 1385 (9th Cir. 1996) ("Dismissal with prejudice

and default on counterclaims, for willful and inexcusable failure to prosecute, are proper exercises of discretion under Federal Rules of Civil Procedure 41(b), 16(f), and the inherent power of the court.").

In determining whether to dismiss a case for failure to prosecute or failure to comply with court orders, the Ninth Circuit has instructed district courts to consider the following five factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring disposition of cases on their merits. In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006); Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002). The test is not "mechanical," but provides a "non-exhaustive list of things" to "think about." Valley Eng'rs v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998).

## IV. DISCUSSION

Here, the first two factors favor dismissal. The first factor—the public's interest in the expeditious resolution of litigation—"always favors dismissal." Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). The second factor—the Court's need to manage its docket—favors dismissal here because Plaintiff's numerous failures to meet court deadlines, comply with court orders, and keep the Court apprised of his mailing address allowed him, rather than the Court itself, to control the pace of the docket. See id.

The third factor—prejudice to Defendants—weighs in favor of dismissal. A plaintiff's failure to prosecute creates a presumption of prejudice to the defendants. Hernandez v. City of El Monte, 138 F.3d 393, 400-01 (9th Cir. 1998); Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002) ("Unnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale."). This case has been pending in federal court since December 2025, when the alleged acts underlying Plaintiff's claim took place. Plaintiff has caused

multiple unnecessary delays during the pendency of this litigation such as repeatedly renewing applications for TROs which were denied. Plaintiff filed a procedurally defective motion to file a FAC, which the Court denied. (Dkt. 49.) The Court also issued a separate order outlining the steps by which Plaintiff could move to file a FAC, setting a deadline for Plaintiff. (Dkt. 51.) After Plaintiff did not follow those steps, the Court issued an order for the parties to file a joint status report, which Plaintiff did not do. (Dkt. 53.) The Court gave Plaintiff further opportunities to respond by issuing a CMO with additional deadlines and ordering Plaintiff to keep his address up to date. (Dkt. 58.) After those deadlines were not met, the Court issued an OSC, to which Plaintiff also has not responded. (Dkt. 60.) Mail has also become undeliverable to Plaintiff's address of record. (Dkt. 59.) For all of these reasons, Plaintiff has not overcome the presumption of prejudice to Defendant in this case.

The fourth factor—availability of less drastic sanctions—favors dismissal as well. The Court expressly warned Plaintiff that failure to keep his address up to date could result in dismissal per Local Rule 41-6. (Dkt. 58 at 4.) The Court also cautioned Plaintiff in its OSC, in bold and underlined font, that "**<u>Plaintiff's failure to file a timely response to this OSC may result in the dismissal of this case.</u>**" (Dkt. 60.); <u>see</u> <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1262 (9th Cir. 1992) ("[A] district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement.") (citation omitted).

The fifth factor—public policy favoring a disposition of an action on its merits—weighs against dismissal here. <u>Pagtalunan</u>, 291 F.3d at 643. However, it is outweighed by the other four factors favoring dismissal.

Given that the enumerated factors largely support dismissal, this action should be dismissed pursuant to Rule 41(b), Local Rule 41-1, and Local Rule 41-6. Considering all of the circumstances, and in particular given that Plaintiff is

proceeding pro se, the dismissal shall be without prejudice. See Ash v. Cvetkov, 739 F.2d 493, 496-97 (9th Cir. 1984) (explaining that the dismissal of a case without prejudice "send[s] a litigant to the back of the line" for now, but preserves the "opportunity to return and prosecute his claims another day").

## V. RECOMMENDATION

IT IS THEREFORE RECOMMENDED that the District Court issue an Order: (1) approving and accepting this R&R; (2) dismissing the entire action without prejudice for failure to prosecute and failure to follow court orders; and (3) denying Defendant's motion as for judgment on the pleadings (Dkt. 61) as moot.

DATED: September 21, 2026

Karen E. Scott

KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE

## NOTICE

Reports and Recommendations are not appealable to the Court of Appeals but are subject to the right of any party to timely file objections as provided in the Federal Rules of Civil Procedure and the instructions attached to this Report. This Report and any objections will be reviewed by the District Judge whose initials appear in the case docket number.