UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER SCOTT PAYNE,<br>Plaintiff,<br>v.<br>CITY OF GROVER BEACH,<br>Defendant. | Case No. 2:25-cv-12282-CV-KES<br><br>REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |

This Report and Recommendation ("R&R") is submitted to the Honorable Cynthia Valenzuela, United States District Judge, pursuant to the provisions of 28 U.S.C. § 636 and General Order 05-07 of the United States District Court for the Central District of California.

## I. INTRODUCTION

Christopher Scott Payne ("Plaintiff") filed a pro se civil rights complaint against the City of Grover Beach ("Defendant"), alleging Fourth and Fourteenth Amendment violations in relation to the seizure and impoundment of Plaintiff's car. (Dkt. 1.) Plaintiff filed three applications for a Temporary Restraining Order ("TRO"), all of which were denied. (See Dkt. 19, 33, 47.) Plaintiff then filed a

motion for leave to file a First Amended Complaint ("FAC"), which was denied for failure to follow the Local Rules. (Dkt. 48, 49.) The Court later issued an order setting deadlines and instructing Plaintiff to keep his address up to date. (Dkt. 54.) Since then, Plaintiff has not met those deadlines, has not responded to Defendant's emails, and Defendant's written discovery requests have been returned as undeliverable by the U.S. Postal Service. (Dkt. 59.) The Court issued an order to show cause ("OSC") why this case should not be dismissed on September 2, 2026, setting a deadline for Plaintiff's response by September 16, 2026. (Dkt. 60.) On September 9, 2026, Defendant filed a motion for judgment on the pleadings. (Dkt. 61.) On September 18, 2026, Plaintiff filed a "joint motion" to stay the case, signed only by Plaintiff, and a response to the OSC. (Dkt. 65, 66.) Defendant filed a response expressing its opposition to the joint motion on September 28, 2026, characterizing the whole filing as premised on a "lie." (Dkt. 68.) This R&R recommends DISMISSING Plaintiff's claims with prejudice for failure to prosecute and failure to follow court orders, and denying Defendant's motion as moot.

## II. PROCEDURAL HISTORY

On December 29, 2025, Plaintiff filed his Complaint against the City of Grover Beach. (Dkt. 1.) Plaintiff alleged Fourth Amendment and procedural due process claims under 42 U.S.C. § 1983, seeking declaratory relief, injunctive relief, and damages. (Id. at 13-30.) Plaintiff's claims arise out of his arrest on December 13, 2025, the city's impoundment of his 2019 Tesla Model 3, and a subsequent ex parte administrative hearing on the validity of the impoundment held on December 22, 2025. (Id. at 2.)

On the same day, Plaintiff filed an ex parte application ("First Application") for a TRO. (Dkt. 4.) Per a briefing order by the Court on the TRO application (Dkt. 8), Defendant filed its opposition on January 8, 2026 (Dkt. 16) and Plaintiff filed a reply on January 12, 2026 (Dkt. 17). The First Application was denied on

January 15, 2026 for failing to demonstrate a likelihood of success on the merits. (Dkt. 19.) Plaintiff also filed a request to proceed in forma pauperis, which the Court granted on January 5, 2026. (Dkt. 11, 15.)

Plaintiff filed a motion for an emergency TRO ("Second Application") and a request for an order to show cause regarding contempt on January 19, 2026. (Dkt. 20.) The Court denied the request for an order to show cause on January 28, 2026. (Dkt. 33.) On February 3, 2026, the Court denied Plaintiff's Second Application for failing to demonstrate a likelihood of success on the merits. (Dkt. 40.)

Plaintiff filed a renewed application for a TRO ("Third Application") on February 6, 2026. (Dkt. 44.) The Court denied the Third Application on February 17, 2026, ordering Plaintiff to make efforts to resolve the issue with the Defendant before seeking relief. (Dkt. 47.)

On February 27, 2026, Plaintiff filed a motion for leave to file a FAC, setting a hearing for March 3, 2026. (Dkt. 48.) The Court denied Plaintiff's motion for failure to set a hearing date at least 28 days after the motion is filed per Local Rule 6-1, failure to include a declaration describing the parties' pre-filing conference per Local Rule 7-3, and failure to attach a copy of the proposed FAC per Local Rule 15-1. (Dkt. 49.) On March 18, 2026, the Court issued an order instructing Plaintiff how to properly file a motion for leave to file a FAC, setting a deadline on April 6, 2026, and otherwise ordering Defendant to file an Answer by April 28, 2026, should Plaintiff fail to meet the April 6 deadline. (Dkt. 51.)

On April 27, 2026, Plaintiff filed a declination of consent to proceed before a Magistrate Judge. (Dkt. 52.) On May 4, 2026, the Court issued an order clarifying General Order no. 05-07 and ordering the parties to file a joint status report by May 11, 2026. (Dkt. 53.) On May 11, 2026, Defendant filed a status report stating that Plaintiff had stopped responding to emails about potentially amending his complaint. (Dkt. 54.) Defendant filed its Answer on May 26, 2026. (Dkt. 57).

On May 27, 2026, the Court issued a Case Management and Scheduling Order ("CMO") setting deadlines and warning Plaintiff that failure to keep his mailing address up to date could result in dismissal. (Dkt. 58.) On September 1, 2026, Defendant filed a discovery status report per the CMO deadline but Plaintiff did not. (Dkt. 59.) On September 2, 2026, the Court issued an OSC, requiring Plaintiff to respond by September 16, 2026, for why the case should not be dismissed for failure to keep an updated mailing address and failure to follow court orders. (Dkt. 60.) Defendant filed a motion for judgment on the pleadings on September 9, 2026. (Dkt. 61.)

Plaintiff missed the September 16, 2026 deadline to file a response to the OSC, although on September 17, 2026, court staff received an email from "green.eggs.ham.run@gmail.com" with this case number in the subject line, from someone named "Christen," stating that he had experienced several security incidents in Los Angeles resulting in the loss of his laptop and that he was finalizing his responses "regarding disclosures and discovery." See attached.

Two days later, on September 18, 2026, Plaintiff filed a "joint motion" to stay the proceedings and a response to the order to show cause. (Dkt. 65, 66.)[1] Instead explaining why he had failed to update his address and follow court orders, Plaintiff only stated that he had moved to Texas, that his email had changed to the email address above, and that the case was moot. (Dkt. 66 at 2-3.) The joint motion stated that Plaintiff and Defendant had reached a settlement and were requesting the case to be stayed. (Dkt. 65 at 1-3.) Plaintiff signed the joint motion, but Defendant's signature line is empty. (Dkt. 65 at 3.)

On September 28, 2026, Defendant filed a response stating that it had never entered into settlement discussions with Plaintiff, did not agree to the filing of the

[1] Dkt. 65 and 66 are identical, and Plaintiff's response to the OSC is included in the "joint motion."

joint motion, and had no interest in staying the case. (Dkt. 68.)

## III. LEGAL STANDARD

A district court may dismiss an action for failure to prosecute, failure to follow court orders, or failure to comply with the federal or local rules. See Fed. R. Civ. P. 41(b); Link v. Wabash R. Co., 370 U.S. 626, 629-30 (1962); Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam). Central District of California Local Rule 41-1 provides, "Civil suits which have been pending for an unreasonable period of time without any action having been taken therein may, after notice, be dismissed for want of prosecution." L.R. 41-1.

Central District of California Local Rule 41-6 requires a "party proceeding pro se" to "keep the Court and all other parties informed of the party's current address…" L.R. 41-6. "If a Court order or other mail served on a pro se plaintiff at his address of record is returned by the Postal Service as undeliverable and the pro se party has not filed a notice of change of address within 14 days of the service date of the order or other Court document, the Court may dismiss the action with or without prejudice for failure to prosecute."

The Court has discretion to dismiss the action with or without prejudice. See Fed. R. Civ. P. 41(b) ("Unless the dismissal order states otherwise," or certain exceptions apply, a dismissal pursuant to Federal Rule of Civil Procedure 41(b) "operates as an adjudication on the merits."); L.R. 41-2 ("Unless the Court provides otherwise, any dismissal pursuant to [Local Rule] 41-1 shall be without prejudice."); Al-Torki v. Kaempen, 78 F.3d 1381, 1385 (9th Cir. 1996) ("Dismissal with prejudice and default on counterclaims, for willful and inexcusable failure to prosecute, are proper exercises of discretion under Federal Rules of Civil Procedure 41(b), 16(f), and the inherent power of the court.").

In determining whether to dismiss a case for failure to prosecute or failure to comply with court orders, the Ninth Circuit has instructed district courts to consider the following five factors: (1) the public's interest in expeditious resolution of

litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the availability of less drastic sanctions; and (5) the public policy favoring disposition of cases on their merits. In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217, 1226 (9th Cir. 2006); Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002). The test is not "mechanical," but provides a "non-exhaustive list of things" to "think about." Valley Eng'rs v. Elec. Eng'g Co., 158 F.3d 1051, 1057 (9th Cir. 1998).

## IV. DISCUSSION

Here, the first two factors favor dismissal. The first factor—the public's interest in the expeditious resolution of litigation—"always favors dismissal." Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999). The second factor—the Court's need to manage its docket—favors dismissal here because Plaintiff's numerous failures to meet court deadlines, comply with court orders, and keep the Court apprised of his mailing address allowed him, rather than the Court itself, to control the pace of the docket. See id.

The third factor—prejudice to Defendants—weighs in favor of dismissal. A plaintiff's failure to prosecute creates a presumption of prejudice to the defendants. Hernandez v. City of El Monte, 138 F.3d 393, 400-01 (9th Cir. 1998); Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002) ("Unnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale."). This case has been pending in federal court since December 2025, when the alleged acts underlying Plaintiff's claim took place. Plaintiff has caused multiple unnecessary delays during the pendency of this litigation such as repeatedly renewing applications for TROs which were denied. Plaintiff filed a procedurally defective motion to file a FAC, which the Court denied. (Dkt. 49.) The Court also issued a separate order outlining the steps by which Plaintiff could move to file a FAC, setting a deadline for Plaintiff. (Dkt. 51.) After Plaintiff did not follow those steps, the Court issued an order for the parties to file a joint status

report, which Plaintiff did not do. (Dkt. 53.) The Court gave Plaintiff further opportunities to respond by issuing a CMO with additional deadlines and ordering Plaintiff to keep his address up to date. (Dkt. 58.) After those deadlines were not met, the Court issued an OSC, to which Plaintiff also has not responded. (Dkt. 60.) Mail has also become undeliverable to Plaintiff's address of record. (Dkt. 59.) For all of these reasons, Plaintiff has not overcome the presumption of prejudice to Defendant in this case.

The fourth factor—availability of less drastic sanctions—favors dismissal as well. The Court expressly warned Plaintiff that failure to keep his address up to date could result in dismissal per Local Rule 41-6. (Dkt. 58 at 4.) The Court also cautioned Plaintiff in its OSC, in bold and underlined font, that "**Plaintiff's failure to file a timely response to this OSC may result in the dismissal of this case.**" (Dkt. 60.); see Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992) ("[A] district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement.") (citation omitted).

The fifth factor—public policy favoring a disposition of an action on its merits—weighs against dismissal here. Pagtalunan, 291 F.3d at 643. However, it is outweighed by the other four factors favoring dismissal.

Given that the enumerated factors largely support dismissal, this action should be dismissed pursuant to Rule 41(b), Local Rule 41-1, and Local Rule 41-6. Plaintiff failed to comply with court orders for several months and, by responding to the OSC, has demonstrated some awareness regarding his obligations in this case, including his duty to keep his address up to date and comply with court orders. (Dkt. 66 at 2-3.) Still, in his response to the OSC, Plaintiff did not explain why he had failed to comply with court orders, why he failed to keep his address up to date, or when he would actually provide discovery. Instead, he falsely claimed that he and Defendant had come to a settlement, despite Defendant's

missing signature on the join motion and contrary to Defendant's later contention that it had never engaged in any sort of settlement discussions with Plaintiff.[2] Although Plaintiff is proceeding pro se, considering all of the circumstances, the dismissal shall be with prejudice.

## V. RECOMMENDATION

IT IS THEREFORE RECOMMENDED that the District Court issue an Order: (1) approving and accepting this R&R; (2) dismissing the entire action with prejudice for failure to prosecute and failure to follow court orders; and (3) denying Defendant's motion for judgment on the pleadings (Dkt. 61) as moot.

DATED: October 1, 2026

Karen E. Scott
KAREN E. SCOTT
UNITED STATES MAGISTRATE JUDGE

## NOTICE

Reports and Recommendations are not appealable to the Court of Appeals but are subject to the right of any party to timely file objections as provided in the Federal Rules of Civil Procedure and the instructions attached to this Report. This Report and any objections will be reviewed by the District Judge whose initials appear in the case docket number.

[2] While Plaintiff has not had an opportunity to respond to Defendant's claim that these settlement discussions did not happen, he will have an opportunity to do so if he chooses to file an objection to this R&R.

**From:** Christen <green.eggs.ham.run@gmail.com>
**Sent:** Thursday, September 17, 2026 12:20 PM
**To:** Jessica Cortes <Jessica_Cortes@cacd.uscourts.gov>; wdriskill@lozanosmith.com
**Subject:** 2:25-cv-12282

**CAUTION - EXTERNAL:**

Dear Sir/Madam,

I am writing to inform you that I have experienced several severe security incidents over the past 30 days in the Los Angeles area, which resulted in the loss of my laptop, identification, and case files.

Despite these challenges, I am currently finalizing my responses regarding disclosures and discovery, and I intend to submit them by the end of the day.

Best regards,

Christen

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.