FILED
CLERK, U.S. DISTRICT COURT
10/20/2026
CENTRAL DISTRICT OF CALIFORNIA
BY jd DEPUTY
DOCUMENT SUBMITTED THROUGH THE ELECTRONIC DOCUMENT SUBMISSION SYSTEM

**CHRISTOPHER SCOTT PAYNE**
1 Poehnert Rd, Boerne, Texas 78006
Telephone: (830) 446-9964 | Email: green.eggs.ham.run@gmail.com
Plaintiff Pro Se, United States District Court

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION**

CHRISTOPHER SCOTT PAYNE,

Plaintiff pro se,

v.

CITY OF GROVER BEACH, a municipal corporation; DOES 1-10, inclusive,

Defendants.

**CASE NO.: 2:25-cv-12282-CV-KES**

**PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT CITY OF GROVER BEACH'S MOTION FOR JUDGMENT ON THE PLEADINGS [FED. R. CIV. P. 12(c); L.R. 7-9]**

Hearing: November 10, 2026 at 10:00 a.m.
Ctrm: 6D (Hon. Karen E. Scott, USMJ)

[SUBMITTED ON PAPERS / L.R. 7-15]

## I. INTRODUCTION AND SUMMARY OF OPPOSITION

Plaintiff pro se Christopher Scott Payne respectfully submits this Memorandum of Points and Authorities in Opposition to Defendant City of Grover Beach's Motion for Judgment on the Pleadings filed pursuant to Federal Rule of Civil Procedure 12(c) (Dkt. 61) [cite: 1, 9]. This civil rights action under 42 U.S.C. § 1983 arises out of the unlawful, warrantless seizure, towing, and continuous 302-day impoundment of Plaintiff's 2019 Tesla Model 3 by officers of the Grover Beach Police Department (GBPD), and the City's ongoing refusal to release the vehicle [cite: 1, 2].

Defendant's motion is premised on the legally flawed assertions that prolonged detention of personal property is shielded by the 'community caretaking' doctrine, that municipal equipment infractions (Cal. Veh. Code § 26710) justify impounding cargo on a flatbed trailer, and that Plaintiff has suffered no actionable injury [cite: 2]. Under controlling Ninth Circuit precedent in *Brewster v. Beck*, 859 F.3d 1194 (9th Cir. 2017),

*Sandoval v. County of Sonoma*, 912 F.3d 509 (9th Cir. 2018), and *Miranda v. City of Cornelius*, 429 F.3d 858 (9th Cir. 2005), the continuous retention of an impounded vehicle after the owner provides an alternative private means of removal constitutes an ongoing unreasonable seizure in violation of the Fourth Amendment [cite: 2, 4].

**II. STATEMENT OF ADJUDICATIVE FACTS & PROCEDURAL HISTORY (FRE 201)**

On December 13, 2025, GBPD officers initiated a traffic stop of Plaintiff's 2019 Tesla Model 3 and cited Plaintiff under Cal. Veh. Code § 26710(a) and Cal. Penal Code § 148(a)(1) [cite: 3]. At the time of the stop, Plaintiff's fiancée was physically present at the scene, fully licensed, and capable of driving the vehicle off the street to safety [cite: 3]. Despite her presence and Plaintiff's explicit request that she be allowed to drive the vehicle away, officers refused and impounded the car [cite: 3]. Plaintiff lacked the immediate financial resources required to pay the tow yard's exorbitant upfront redemption fees [cite: 3].

On January 20, 2026, Judge Cynthia Valenzuela issued a Chambers Order (Dkt. 25) commanding the City to retrieve the vehicle from secondary salvage and preserve it [cite: 3]. Three days later, on January 23, 2026, during an in-person conference at Lozano Smith's Grover Beach office, defense staff made a binding party admission under Fed. R. Evid. 801(d)(2)(D): 'We are ok with it staying there it is safe (a decision between defense counsel and its client),' confirming that defense counsel and the City intentionally decided to leave the car in secondary salvage in defiance of Judge Valenzuela's order [cite: 3].

## III. CONTROLLING LEGAL STANDARDS UNDER FED. R. CIV. P. 12(c) AND PRO SE NORMS

A motion for judgment on the pleadings under Rule 12(c) is evaluated under the identical standard as a motion to dismiss under Rule 12(b)(6). *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 (9th Cir. 2011) [cite: 3, 4]. The Court must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009) [cite: 4]. Pro se pleadings must be held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) [cite: 4].

## IV. LEGAL ARGUMENT

### A. Point 1: Unlawful Seizure Under Miranda and Brewster

Under *Miranda v. City of Cornelius*, 429 F.3d 858, 865 (9th Cir. 2005), police community caretaking authority for a vehicle impoundment dissolves when a willing, licensed driver or passenger is physically present on scene to take custody [cite: 4]. The arresting officer's refusal to allow Plaintiff's fiancée to drive the car rendered the initial seizure unconstitutional [cite: 4]. Furthermore, under *Brewster v. Beck*, 859 F.3d 1194, 1196 (9th Cir. 2017) and *Sandoval v. County of Sonoma*, 912 F.3d 509, 516 (9th Cir. 2018), the Fourth Amendment continues to apply throughout a vehicle's detention [cite: 2, 4]. The City's refusal to release the vehicle when presented with a private flatbed transport offer at the January 27 hearing constitutes an ongoing, unreasonable seizure [cite: 2, 4].

### B. Point 2: Procedural Due Process Deprivations Under Stypmann

Under *Stypmann v. City & County of San Francisco*, 557 F.2d 1338, 1342 (9th Cir. 1977), imposing possessory storage liens without a prompt, meaningful post-storage hearing deprives an owner of property without due process [cite: 4, 6]. The City

transferred the Tesla to secondary salvage (Copart) on Day 16, violating the 45-to-65-day statutory notice windows under Cal. Civ. Code §§ 3071 and 3072, voiding the possessory lien as a matter of law [cite: 4, 6].

**C. Point 3: Municipal Monell Liability Firmly Established**

Operations Commander Nelida Aceves exercised final operational authority over vehicle retention and release decisions [cite: 5]. Under *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481 (1986), directives issued by an official possessing final policymaking authority bind the municipality under *Monell v. Department of Social Services*, 436 U.S. 658 (1978) [cite: 5, 6].

**D. Point 4: Comprehensive $86,520+ Itemized Damages & Standing**

Plaintiff's itemized damages total $86,520.00 to $100,000.00+: (1) Loss of vehicle use ($25,670.00 @ $85/day for 302 days under Cal. Civ. Code § 3336); (2) High-voltage lithium battery degradation risk ($14,500.00); (3) Physical depreciation ($2,500.00); (4) Out-of-pocket transit expenses ($3,850.00); (5) Void lien extinguishment ($3,500.00+); and (6) Constitutional general harm ($15,000.00) plus nominal damages [cite: 5, 7]. Under *Uzuegbunam v. Preczewski*, 592 U.S. 279 (2021), nominal damages independently satisfy Article III redressability [cite: 5, 7].

## V. CONCLUSION AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter an Order: (1) Denying Defendant City of Grover Beach's Motion for Judgment on the Pleadings in its entirety; and (2) In the alternative, granting Plaintiff leave to file a First Amended Complaint within thirty (30) days pursuant to Fed. R. Civ. P. 15(a)(2) [cite: 5, 7].

DATED: October 20, 2026

Respectfully submitted,

/s/ Christopher Scott Payne
**CHRISTOPHER SCOTT PAYNE**

Plaintiff Pro Se

**VI. DECLARATION OF CHRISTOPHER SCOTT PAYNE (28 U.S.C. § 1746)**

I, Christopher Scott Payne, declare under penalty of perjury under the laws of the United States of America as follows [cite: 6, 8]:

1. I am the Plaintiff pro se in this action, over 18 years of age, residing at 1 Poehnert Rd, Boerne, Texas 78006 [cite: 6, 8].

2. On December 13, 2025, GBPD impounded my 2019 Tesla Model 3. My fiancée was present on scene and available to drive the car, but officers refused. I lacked immediate funds for commercial tow yard redemption [cite: 6].

3. During the January 27, 2026 evidentiary hearing, I formally offered commercial flatbed transport directly to private storage, but the City refused release [cite: 6].

4. On January 23, 2026, at Lozano Smith's office, defense staff stated: 'We are ok with it staying there it is safe (a decision between defense counsel and its client),' willfully defying Judge Valenzuela's January 20, 2026 Chambers Order [cite: 3, 6].

5. Official warrant registers confirm zero dollars were paid to Four Corners Towing or Copart, and Check #80461 ($3,000.00) was paid to Drive Customs for police Tahoe equipment [cite: 6].

6. As a direct result of the 302+ day detention, I have incurred $25,670.00 in accrued loss of use ($85.00/day), $14,500.00 in battery degradation risk, $2,500.00 in physical depreciation, and $3,850.00 in travel expenses [cite: 6, 7].

7. I have issued a discovery request to Tesla Motors for certified location telemetry and MCU logs, and ordered the official CD/Audio Recording of the January 27 hearing (Dkt. 43), preserving the right to supplement this record upon production [cite: 7].

8. I respectfully request determination on the papers without oral hearing under C.D. Cal. L.R. 7-15 and Fed. R. Civ. P. 78(b) [cite: 7].

Executed on October 20, 2026, at Boerne, Texas [cite: 7].

/s/ Christopher Scott Payne
**CHRISTOPHER SCOTT PAYNE**, Declarant [cite: 7]

## VII. CERTIFICATE OF COMPLIANCE (L.R. 11-6.2)

The undersigned pro se litigant certifies that this Memorandum of Points and Authorities contains approximately 1,650 words, excluding the caption, table of contents, table of authorities, signature block, certificates, and proposed order, and complies with the type-volume limitation of L.R. 11-6.1 [cite: 8].

/s/ Christopher Scott Payne
**CHRISTOPHER SCOTT PAYNE**
Plaintiff Pro Se

## VIII. CERTIFICATE OF SERVICE

I, Christopher Scott Payne, certify that on October 20, 2026, I served the foregoing PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT CITY OF GROVER BEACH'S MOTION FOR JUDGMENT ON THE PLEADINGS; DECLARATION; AND [PROPOSED] ORDER on counsel of record for Defendant City of Grover Beach via U.S. Mail and Electronic Mail addressed to: LOZANO SMITH, LLP, Attn: Karmdeep Gill, Esq. (kgill@lozanosmith.com), Attn: Wiley Russ Driskill, Esq. (wdriskill@lozanosmith.com), 7404 North Spalding Avenue, Fresno, California 93720 [cite: 7].

Executed on October 20, 2026, at Boerne, Texas [cite: 7].

/s/ Christopher Scott Payne
**CHRISTOPHER SCOTT PAYNE**
Plaintiff Pro Se

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION**

| | |
|---|---|
| CHRISTOPHER SCOTT PAYNE,<br><br>Plaintiff pro se,<br><br>v.<br><br>CITY OF GROVER BEACH, a municipal corporation; DOES 1-10, inclusive,<br><br>Defendants. | **CASE NO.: 2:25-cv-12282-CV-KES**<br><br>**[PROPOSED] ORDER DENYING DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS** |

IT IS HEREBY ORDERED that Defendant City of Grover Beach's Motion for Judgment on the Pleadings (Dkt. 61) is DENIED in its entirety [cite: 8].

IT IS FURTHER ORDERED that Plaintiff is granted leave to file a Supplemental Evidentiary Addendum upon receipt of requested discovery returns [cite: 8].

DATED: ______________________ ___________________________________

**HON. KAREN E. SCOTT**
UNITED STATES MAGISTRATE JUDGE [cite: 8]