CHRISTOPHER SCOTT PAYNE
1 Poehnert Rd
Boerne, Texas 78006
Tel: (830) 446-9964
Email: green.eggs.ham.run@gmail.com
Plaintiff Pro Se

FILED
CLERK, U.S. DISTRICT COURT
10/31/2026
CENTRAL DISTRICT OF CALIFORNIA
BY jd DEPUTY
DOCUMENT SUBMITTED THROUGH THE ELECTRONIC DOCUMENT SUBMISSION SYSTEM

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION**

CHRISTOPHER SCOTT PAYNE,
Plaintiff,
v.
CITY OF GROVER BEACH, et al.,
Defendants.

**CASE NO. 2:25-cv-12282-CV-KES**

**PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (DKT. 70) RE MOTION FOR JUDGMENT ON THE PLEADINGS (DKT. 61)**

**[28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); C.D. CAL. L.R. 72-3]**

## PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION

Plaintiff Christopher Scott Payne respectfully submits these formal Objections to Magistrate Judge Karen E. Scott's Report and Recommendation (Dkt. 70) regarding Defendant City of Grover Beach's Motion for Judgment on the Pleadings (Dkt. 61), pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72(b), and Central District of California Local Rule 72-3. Plaintiff requests a de novo determination by District Judge Cynthia Valenzuela.

### I. OBJECTION 1: THE R&R IMPROPERLY ACCEPTED DISPUTED FACTUAL ALLEGATIONS IN DKT. 31 CONTRADICTED BY CERTIFIED MUNICIPAL TREASURER'S REPORTS.

The Report and Recommendation erroneously credits sworn assertions in Commander Aceves' Supplemental Declaration (Dkt. 31) claiming Check #80461 ($3,000.00) was paid toward tow yard redemptions. Official certified municipal Treasurer's Reports from April, July, and August 2026 conclusively establish that Check #80461 was disbursed to Drive Customs for police equipment upfitting, with $0.00 paid to tow vendors. On a Rule 12(c) motion, all well-pleaded facts must be viewed in the light most favorable to the non-moving party.

### II. OBJECTION 2: THE R&R FAILED TO APPLY THE NINTH CIRCUIT'S LIBERAL AMENDMENT MANDATE UNDER FRCP 15(a)(2).

Under Rule 15(a)(2), leave to amend 'shall be freely given when justice so requires.' The Ninth Circuit applies this mandate with 'extreme liberality' (Eldridge v. Block, 832 F.2d 1132, 1135; Foman v. Davis, 371 U.S. 178). Plaintiff's pending Motion for Leave to File First Amended Complaint cures any pleading deficiencies, adds Commander Aceves individually under 42 U.S.C. § 1983 (Pembaur v. City of Cincinnati), and moots the motion directed at Dkt. 1.

### III. OBJECTION 3: THE R&R MISAPPLIED CONTROLLING FOURTH AND FOURTEENTH AMENDMENT PRECEDENT GOVERNING VEHICLE RETENTION.

Under Brewster v. Beck, 859 F.3d 1194, and Sandoval v. County of Sonoma, 912 F.3d 509, the Fourth Amendment seizure continues throughout flatbed retention. Furthermore, the City's admitted 15-day lien clearance is legally impossible under Cal. Civ. Code § 3071, and the Day 27 salvage transfer extinguished all possessory lien rights under Cal. Civ. Code § 3068.

### IV. CONCLUSION AND REQUEST FOR DE NOVO DETERMINATION

For the foregoing reasons, Plaintiff respectfully requests that District Judge Cynthia Valenzuela reject the Report and Recommendation (Dkt. 70), deny Defendant's Motion for Judgment on the Pleadings (Dkt. 61), and grant

Plaintiff leave to file the First Amended Complaint.

DATED: October 29, 2026

Respectfully submitted,

/s/ Christopher Scott Payne
CHRISTOPHER SCOTT PAYNE, Plaintiff Pro Se