CHRISTOPHER SCOTT PAYNE
1 Poehnert Rd
Boerne, Texas 78006
Telephone: (213) 962-7604
Email: green.eggs.ham.run@gmail.com
Plaintiff Pro Se

FILED
CLERK, U.S. DISTRICT COURT
11/09/2026
CENTRAL DISTRICT OF CALIFORNIA
BY jd DEPUTY
DOCUMENT SUBMITTED THROUGH THE ELECTRONIC DOCUMENT SUBMISSION SYSTEM

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

CHRISTOPHER SCOTT PAYNE,

Plaintiff,

v.

CITY OF GROVER BEACH,

Defendant.

Case No. 2:25-cv-12282-CV-KES

**PLAINTIFF'S EX PARTE APPLICATION FOR LEAVE TO FILE OBJECTIONS AFTER THE DEADLINE; OBJECTIONS TO REPORT AND RECOMMENDATION (DKT. 69); MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF CHRISTOPHER SCOTT PAYNE**

[Fed. R. Civ. P. 6(b)(1)(B), 72(b); 28 U.S.C. § 636(b)(1); L.R. 7-19]

District Judge: Hon. Cynthia Valenzuela
Magistrate Judge: Hon. Karen E. Scott
Hearing: None requested (L.R. 7-15)

TO THE COURT, DEFENDANT, AND ITS COUNSEL OF RECORD:

Plaintiff Christopher Scott Payne applies ex parte under Federal Rule of Civil Procedure 6(b)(1)(B) and Local Rule 7-19 for leave to file the Objections below to the Report and Recommendation filed October 1, 2026

(Dkt. 69, the "R&R"), after the October 19, 2026 deadline stated in the Notice of Filing (Dkt. 70).

Ex parte relief is needed because the District Judge may adopt the R&R at any time. Adoption would dismiss this action with prejudice before a regularly noticed motion could be heard under Local Rule 6-1.

**L.R. 7-19.1 notice.** On November 9th, 2026, Plaintiff notified Defendant's counsel, Wiley R. Driskill and Karmdeep Gill, Lozano Smith, 7404 N. Spalding Avenue, Fresno, CA 93720-3370, (559) 431-5600, wdriskill@lozanosmith.com and kgill@lozanosmith.com, by email and telephone of the date and substance of this application. Counsel did not respond.

This application is based on the Memorandum and Objections below, the Declaration of Christopher Scott Payne, the EDSS submission confirmations (Exhibits A and B), and the record in this action.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. BACKGROUND

On September 21, 2026, the Magistrate Judge recommended dismissal *without* prejudice. (Dkt. 63.) On October 1, 2026, the Magistrate Judge issued a superseding R&R recommending dismissal *with* prejudice for failure to prosecute and failure to follow court orders, and denial of Defendant's Motion for Judgment on the Pleadings (Dkt. 61) as moot. (Dkt. 69.) The Notice of Filing set objections for October 19, 2026. (Dkt. 70.)

On October 28, 2026, Plaintiff filed his opposition to the motion for judgment on the pleadings (Dkt. 71) and a notice of service of initial disclosures (Dkt. 72).

On October 31, 2026, Plaintiff submitted objections through the Court's Electronic Document Submission System (EDSS), confirmation

number EDS-261031-003-8905. (Ex. A.) That submission mistakenly identified the R&R as "Docket Entry 70," which is the Notice of Filing; the R&R itself is Dkt. 69. The submission was never docketed. Plaintiff learned this from Defendant's November 6, 2026 filing (Dkt. 73). (Payne Decl. ¶ 5.) Plaintiff does not have a copy of the October 31 PDF, so he submits his Objections in full below.

On November 6, 2026, Defendant filed a response stating that Plaintiff never objected to the R&R and asking the Court to disregard Dkts. 71 and 72 as untimely. (Dkt. 73.)

## II. EX PARTE RELIEF IS APPROPRIATE

Ex parte relief is proper where the moving party would be irreparably prejudiced if the matter were heard on regular notice and the moving party did not create the crisis, or the crisis arose through excusable neglect. *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995). Adoption of the R&R would end this case permanently. Plaintiff acknowledges that he missed the deadline and shows below that the neglect is excusable.

## III. THE LATE FILING RESULTS FROM EXCUSABLE NEGLECT

The Court may extend a deadline after it has expired on a showing of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). The Court weighs the danger of prejudice to the opposing party, the length of the delay and its potential impact on the proceedings, the reason for the delay, and whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993); *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1223-24 (9th Cir. 2000); *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381-82 (9th Cir. 1997) (applying *Pioneer* to a pro se litigant). Rule 6(b) is to

be liberally construed so that cases are decided on the merits. *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1258-59 (9th Cir. 2010).

**Prejudice.** No order adopting the R&R and no judgment has been entered. Defendant may respond to these Objections within 14 days of service, Fed. R. Civ. P. 72(b)(2), and has already stated its position on the R&R. (Dkt. 73.) No hearing or trial date must move.

**Length of delay.** Plaintiff first submitted objections on October 31, 2026, twelve days after the deadline. The delay comes before the District Judge has acted.

**Reason for the delay.** The R&R was sent to Plaintiff's email address of record. Plaintiff has been homeless and suffers from several major health conditions, including Aspergers Syndrome. He has had multiple cell phones stolen and has repeatedly lost access to his email and phone accounts, including that address, and he has been the target of account takeover and impersonation as recently as November 7, 2026. He has also been physically assaulted on several occasions and has received threats of violence. He did not see the R&R until late October 2026, after the deadline had passed, when he briefly regained access to the account. (Payne Decl. ¶¶ 3-4.) Plaintiff acknowledges that keeping his address current and tracking deadlines were his responsibility.

**Good faith.** Plaintiff has not abandoned this case. He filed his opposition (Dkt. 71) and initial disclosures (Dkt. 72), attempted to file objections on October 31, and in these Objections corrects the record on the settlement statement on which the R&R relied.

## IV. RESPONSE TO DEFENDANT'S FILING (DKT. 73)

Defendant is correct that no objections appear on the docket. As explained above, Plaintiff attempted to file them on October 31, 2026, and the submission was not docketed. (Ex. A.) Defendant is also correct that

Dkts. 71 and 72 were filed after their deadlines. Dkts. 71 and 72 were late for the same reasons described above. (Payne Decl. ¶ 4.) Plaintiff asks the Court to consider them in deciding whether Plaintiff is now prosecuting this action.

## OBJECTIONS TO REPORT AND RECOMMENDATION (DKT. 69)

## V. STANDARD OF REVIEW

The District Judge determines de novo any part of the R&R to which a proper objection is made, and may accept, reject, or modify the recommended disposition, receive further evidence, or return the matter to the Magistrate Judge. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). The R&R expressly invites Plaintiff to respond by objection to Defendant's statement that no settlement discussions occurred. (Dkt. 69 at 8 n.2.)

## VI. OBJECTION 1: CORRECTION OF THE RECORD REGARDING DKT. 65

Plaintiff withdraws the statement in Dkt. 65 that the parties reached a conditional settlement on September 17, 2026, and withdraws the description of that filing as a "joint" motion. Defendant did not sign that filing and did not agree to it.

On September 18, 2026, the day Plaintiff submitted Dkt. 65, he emailed a written settlement offer to Defendant's counsel, Wiley R. Driskill and Karmdeep Gill. He no longer has access to the email account from which he sent it. He received no response to that offer and first learned that Defendant considered it declined from Defendant's filing. (Dkt. 68.) Plaintiff mistakenly treated his pending offer as a conditional settlement. Four minutes after first submitting Dkt. 65 through EDSS, he resubmitted it under the description "(Proposed) Joint Motion to Stay Proceedings Response to Order to Show Cause." (Ex. B.) He did not intend to mislead the Court.

Plaintiff also sent the September 17, 2026 email to chambers referenced in the R&R. (Dkt. 69 at 4, 9.) It was signed "Christen" because his phone's autocorrect changed his name without his noticing. He understands that he must communicate with the Court only through filings served on Defendant, and he will not email chambers again.

Plaintiff should not have described a pending offer as a settlement or labeled the filing as joint. He apologizes to the Court and to defense counsel, and he will not describe Defendant's position, or label any document as joint, without Defendant's written agreement.

## VII. OBJECTION 2: DISMISSAL WITH PREJUDICE IS NOT WARRANTED

Dismissal is a harsh penalty reserved for extreme circumstances. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986). Before dismissing, the Court weighs the public interest in expeditious resolution, the Court's need to manage its docket, prejudice to the defendant, the policy favoring disposition on the merits, and the availability of less drastic sanctions. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002).

Ten days before the R&R, on the same record of missed deadlines, the Magistrate Judge found dismissal *without* prejudice sufficient in light of Plaintiff's pro se status. (Dkt. 63 at 6-7.) The new ground for recommending dismissal *with* prejudice was the settlement statement in Dkt. 65. (Dkt. 69 at 7-8.) Plaintiff has now withdrawn and corrected that statement. Less drastic measures therefore remain adequate, including a warning, a compliance schedule, or dismissal without prejudice.

Since the R&R, Plaintiff has also resumed prosecuting this action. He filed his opposition (Dkt. 71) and initial disclosures (Dkt. 72), is updating his address and telephone number of record, and remains subject to the discovery schedule in the Case Management Order (Dkt. 58). The policy

favoring disposition on the merits, which the R&R found weighs against dismissal (Dkt. 69 at 7), carries more weight now that Plaintiff is participating.

**VIII. RELIEF REQUESTED**

Plaintiff respectfully requests that the Court:

1. Grant leave and deem these Objections timely filed;
2. Decline to adopt the R&R (Dkt. 69) to the extent it recommends dismissal with prejudice;
3. Allow this action to proceed under such schedule and conditions as the Court finds appropriate; or, in the alternative,
4. Dismiss this action without prejudice, as recommended in Dkt. 63.

Plaintiff does not request oral argument but will appear if the Court finds a hearing helpful. L.R. 7-15.

Dated: November 10th, 2026

/s/ Christopher Scott Payne
CHRISTOPHER SCOTT PAYNE
Plaintiff Pro Se

## DECLARATION OF CHRISTOPHER SCOTT PAYNE

I, Christopher Scott Payne, declare:

1. I am the plaintiff in this action. I have personal knowledge of the facts below and could testify to them.

2. My mailing address is 1 Poehnert Rd, Boerne, Texas 78006, where I reliably receive mail. I am currently located in Los Osos (unincorporated San Luis Obispo County), California. My telephone number is (213) 962-7604 and my email is green.eggs.ham.run@gmail.com.

3. I first received or learned of the Report and Recommendation (Dkt. 69) in late October 2026, when I briefly regained access to my email address of record, to which it had been sent. I do not recall the exact date.

4. I did not submit objections by October 19, 2026 because I had not seen it. I have been homeless. I have had multiple cell phones stolen and have repeatedly lost access to my email and phone accounts, including my email address of record; I cannot reconstruct the exact dates of those losses. I did not see the Report and Recommendation until late October 2026. I have been the target of account takeover and impersonation, as recently as November 7, 2026. I have been physically assaulted on several occasions, including one assault in which I lost several teeth, and I have received threats of violence. These same circumstances caused my opposition (Dkt. 71) and initial disclosures (Dkt. 72) to be late.

5. On October 31, 2026, I submitted objections through the Court's EDSS system and received confirmation number EDS-

261031-003-8905. A true copy of the confirmation email is attached as Exhibit A. My submission mistakenly referred to the Report and Recommendation as "Docket Entry 70." I learned that it had not been docketed from Defendant's filing of November 6, 2026 (Dkt. 73). The docket shows no entry for my submission. I do not have a copy of the PDF I submitted.

6. On September 18, 2026, the day I submitted Dkt. 65, I emailed a written settlement offer to Defendant's counsel, Wiley R. Driskill and Karmdeep Gill. I no longer have access to the email account from which I sent it. I received no response to that offer. I first learned that Defendant considered it declined from Defendant's filing (Dkt. 68). I mistakenly treated my pending offer as a conditional settlement. I submitted Dkt. 65 through EDSS at 5:15 p.m. on September 18, 2026 (tracking no. EDS-260918-003-7341), and resubmitted it at 5:19 p.m. under the description "(Proposed) Joint Motion to Stay Proceedings Response to Order to Show Cause" (tracking no. EDS-260918-003-7343). True copies of both confirmations are attached as Exhibit B. I did not intend to mislead the Court.

7. I sent the September 17, 2026 email to chambers referenced in the Report and Recommendation. It was signed "Christen" because my phone's autocorrect changed my name without my noticing.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on [NEEDS: date] at Los Osos, California.

/s/ Christopher Scott Payne

CHRISTOPHER SCOTT PAYNE

**PROOF OF SERVICE**

On November 9th, 2026 I served the foregoing Ex Parte Application, Objections, Declaration, Exhibits A and B, and [Proposed] Order on Defendant by email and/or first-class U.S. mail addressed to:

Wiley R. Driskill and Karmdeep Gill
Lozano Smith
7404 N. Spalding Avenue, Fresno, CA 93720-3370
wdriskill@lozanosmith.com; kgill@lozanosmith.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on 9th at Los Osos, California.

/s/ Christopher Scott Payne
CHRISTOPHER SCOTT PAYNE