CHRISTOPHER SCOTT PAYNE
Mailing address: 1 Poehnert Rd, Boerne, TX 78006
Telephone: (213) 962-7604
Email: green.eggs.ham.run@gmail.com
Plaintiff Pro Se

FILED
CLERK, U.S. DISTRICT COURT
11/13/2026
CENTRAL DISTRICT OF CALIFORNIA
BY jd DEPUTY
DOCUMENT SUBMITTED THROUGH THE ELECTRONIC DOCUMENT SUBMISSION SYSTEM

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

| | | |
|---|---|---|
| CHRISTOPHER SCOTT PAYNE, | ) | Case No. 2:25-cv-12282-CV-KES |
| | ) | |
| Plaintiff, | ) | PLAINTIFF'S CORRECTION OF THE RECORD REGARDING DOCKETS 21, 65, 71, AND 72; |
| v. | ) | DECLARATION OF CHRISTOPHER SCOTT PAYNE |
| CITY OF GROVER BEACH, a municipal entity, | ) | |
| Defendant. | ) | [Re: Report and Recommendation, Dkt. 69 at 8 n.2; Objections, Dkt. 74] |
| | ) | District Judge: Hon. Cynthia Valenzuela |
| | ) | Magistrate Judge: Hon. Karen E. Scott |

TO THE COURT, DEFENDANT, AND ITS COUNSEL OF RECORD:

Plaintiff Christopher Scott Payne submits this correction of statements he made in the document filed on September 18, 2026 as Docket 65, titled "Joint Motion to Stay Proceedings Pending Execution of Settlement; Response to Order

to Show Cause (Dkt. 60)." The Report and Recommendation noted that Plaintiff had not yet responded to the City's statement that no settlement discussions took place, and that he could do so by objection (Dkt. 69 at 8 n.2). Plaintiff asks the Court to consider this correction together with his Objections (Dkt. 74).

## CORRECTION

**1. No settlement was reached.**

No settlement was reached in this case. Defendant City of Grover Beach did not agree to any settlement, did not agree to stay this action, and did not agree to file a joint motion. Defendant's counsel did not sign Docket 65 and did not authorize it to be filed as a joint motion. Plaintiff's statements in Docket 65 that "the Parties reached a comprehensive, good-faith conditional settlement agreement" and that the parties were moving "by and through their respective counsel of record" were not true, and Plaintiff withdraws them. The City's response (Dkt. 68) is correct on these points.

**2. What actually happened.**

On September 17, 2026, Plaintiff emailed a written settlement offer to the City's counsel, Wiley R. Driskill and Karmdeep Gill. The offer was Plaintiff's own proposal, stated that it remained open for written acceptance until October 1, 2026, and proposed times to meet. The terms listed in Docket 65 were the terms of that offer. The City did not accept the offer, and Plaintiff received no communication from the City or its counsel agreeing to it. Docket 65, which Plaintiff filed the next day, wrongly described Plaintiff's offer as an agreement between the parties. On September 26, 2026, Plaintiff emailed a proposed order discharging the Order to Show Cause and staying the case to the chambers email address of Magistrate Judge Scott. That proposed order rested on the same mistaken description of a settlement, and Plaintiff asks that it be disregarded.

**3. The errors were not intentional.**

Plaintiff did not intend to mislead the Court. He prepared Docket 65 using an artificial-intelligence drafting tool. The tool generated text describing an agreement, a fictitious telephone number for Plaintiff, "(830) 555-0199," and incorrect State Bar numbers for both of Defendant's attorneys. Plaintiff did not catch these errors before filing. Checking the document was his responsibility, and he failed to do it. The facts are set out in the declaration below.

**4. Apology and changes.**

Plaintiff apologizes to the Court and to the City and its counsel for the false statements in Docket 65 and for the time and expense they caused. Plaintiff has changed how he prepares filings. He now reads every document in full before signing it, checks each factual statement against his own records, verifies every name, number, date, and citation against the docket or another original source, and will not describe any filing as joint or agreed unless the other party has signed it.

**5. Other corrections to Plaintiff's October filings.**

In reviewing his filings, Plaintiff found other statements that were not accurate, and corrects them now. Plaintiff was in Texas from about September 15 to September 20, 2026, and has been in San Luis Obispo County, California since then. The Boerne, Texas address is a mailing address only. Plaintiff's declaration in Docket 71 (¶ 1) says he resides at the Boerne address, and Dockets 71 and 72 say they were executed in Boerne, Texas on October 20 and October 10, 2026. Plaintiff was in California on those dates. Docket 72 also calls Plaintiff's initial disclosures "timely"; they were due no later than August 5, 2026 under the Scheduling Order (Dkt. 58 at 2, 5), and were served late. Docket 72 also states that the disclosures were served by mail and email on October 10, 2026. Plaintiff mailed a paper copy on October 10, 2026, but did not email them until October 19, 2026. Plaintiff also corrects two statements in his January 19, 2026

declaration (Dkt. 21). Paragraph 10 says Plaintiff is the registered owner of the Vehicle with the State of California. That overstated the facts. Plaintiff had started the California registration process, but it was not completed: the registration fee and the VIN inspection were still outstanding, and the Vehicle has never been permanently registered, as Plaintiff told the Court on January 27, 2026 (Dkt. 40 at 2-3). Paragraph 45 says a GBPD officer made an "It is my bad" remark in a voice message; that remark was not in the voice message (see Dkt. 1, Ex. 4), but was a statement Plaintiff heard at the hospital after his arrest, when the arresting officer, Officer Raul Chavez, spoke to a backup officer about the use of a restraint device. Plaintiff withdraws those statements to the extent stated here.

**REQUEST**

Plaintiff respectfully asks the Court to consider this correction in deciding whether any dismissal should be with or without prejudice, and to treat the statements identified above as withdrawn.

DATED: November 12, 2026

Respectfully submitted,

CHRISTOPHER SCOTT PAYNE
Plaintiff Pro Se
1 Poehnert Rd, Boerne, TX 78006
Telephone: (213) 962-7604
Email: green.eggs.ham.run@gmail.com

# DECLARATION OF CHRISTOPHER SCOTT PAYNE

I, Christopher Scott Payne, declare:

1. I am the Plaintiff in this action. I have personal knowledge of the facts stated here and could testify to them.

2. On September 17, 2026, at 4:32 p.m., I emailed a written settlement offer to the City's counsel, Wiley R. Driskill and Karmdeep Gill of Lozano Smith. The email was marked as a confidential settlement communication under Federal Rule of Evidence 408. It attached my settlement offer package and proposed three times to meet. The offer stated that it remained open for written acceptance until October 1, 2026. The terms later listed in Docket 65 were the terms of my own offer. Because the email is a confidential settlement communication, I have not attached it, but I will provide a copy if the Court requests it. I also sent the offer to the City Manager, Matthew Bronson, on September 17, 2026, by first-class mail.

3. The City did not accept my offer. No one from the City or from its counsel, Lozano Smith, told me that the City agreed to settle, agreed to a stay, or agreed to file a joint motion. On September 18, 2026, I filed Docket 65 and emailed a copy to the City's counsel. On September 26, 2026, I emailed a proposed order discharging the Order to Show Cause and staying the case to Magistrate Judge Scott's chambers email address. That proposed order was based on the same mistaken belief that the case had settled. It should not have been sent, and I ask that it be disregarded.

4. I prepared the document filed as Docket 65 using an artificial-intelligence drafting tool, Gemini Pro Legal. The document the tool produced described my offer as an agreement the parties had reached. It also listed my telephone number as "(830) 555-0199," which is not my number, and listed incorrect State Bar numbers for Karmdeep Gill and Wiley R. Driskill. I did not type those numbers myself and did not notice them before I filed the

document.

5. I filed Docket 65 on September 18, 2026 without checking it carefully. That was my mistake, and I take responsibility for it. I did not intend to mislead the Court or the City.

6. I apologize to the Court and to the City and its attorneys.

7. I now read every document in full before I sign it, check each fact against my own records, verify every name, number, date, and citation against the docket or another original source, and will not call a filing joint or agreed unless the other party has signed it.

8. I was in Texas from about September 15 to September 20, 2026. Since September 20, 2026, I have been in San Luis Obispo County, California. The Boerne address is my parents' address, where I receive mail. I signed Dockets 71 and 72 in California, not in Boerne, and I do not reside in Boerne. Those statements were wrong. My initial disclosures were served late, not timely. I emailed them to Karmdeep Gill and Wiley R. Driskill on October 19, 2026 at 11:06 a.m. A true copy of that email is attached as Exhibit 1. I mailed a paper copy to the City's counsel on October 10, 2026. Docket 72 says I served them by mail and email on October 10, 2026; the mailing date is correct, but the email was not sent until October 19, 2026.

9. In my January 19, 2026 declaration (Dkt. 21), paragraph 10 said I am the registered owner of the Tesla with the State of California. That overstated the facts. I had started the California registration process with the DMV, but I had not completed it: the registration fee and the VIN inspection were still outstanding. The Tesla has never been permanently registered, as I told the Court on January 27, 2026. A true copy of the DMV record showing the incomplete registration is attached as Exhibit 2. Paragraph 45 said an officer said "It is my bad" in a voice message. That was wrong. The remark was not in the voice message. On December 13, 2025, at the hospital after my arrest, I heard the arresting officer,

Officer Raul Chavez, say to a backup officer whose name I do not know, in words to the effect of "It's my bad, I should have communicated before," about placing me in a body wrap and helmet, after the arresting officer had described my conduct as resisting. This is the same statement described in my February 27, 2026 declaration (Dkt. 48 ¶ 5).

10. My correct telephone number is (213) 962-7604. My mailing address is 1 Poehnert Rd, Boerne, Texas 78006. I am filing a separate notice of change of address and telephone number.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 12, 2026, in San Luis Obispo County, California.

CHRISTOPHER SCOTT PAYNE

**CERTIFICATE OF SERVICE**

I certify that on November 12, 2026, I served this PLAINTIFF'S CORRECTION OF THE RECORD REGARDING DOCKET 65; DECLARATION OF CHRISTOPHER SCOTT PAYNE on Defendant by placing a true copy in a sealed envelope with first-class postage prepaid in the United States mail, addressed to: Wiley R. Driskill and Karmdeep Gill, Lozano Smith, 7404 N. Spalding Avenue, Fresno, California 93720-3370; and by email to wdriskill@lozanosmith.com and kgill@lozanosmith.com.



CHRISTOPHER SCOTT PAYNE