Wiley R. Driskill, SBN 253913
Karmdeep Gill, SBN 317358
LOZANO SMITH
7404 N. Spalding Avenue
Fresno, CA 93720-3370
Telephone: (559) 431-5600
Facsimile: (559) 261-9366
Emails: wdriskill@lozanosmith.com
kgill@lozanosmith.com

Attorneys for Defendant
CITY OF GROVER BEACH

LOZANO SMITH
7404 N. Spalding Ave., Fresno, CA 93720
Tel 559-431-5600 Fax 559-261-9366

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER SCOTT PAYNE, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF GROVER BEACH, a municipal entity,<br><br>Defendant. | Case No. 2:25-cv-12282-CV-KES<br><br>**DEFENDANT CITY OF GROVER BEACH'S RESPONSE TO PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**<br><br>Action Filed: December 29, 2025<br>Judge: Hon. Karen E. Scott<br><br>Date:<br>Time:<br>Courtroom: 6D, 6th Floor<br>Judge: Hon. Karen E. Scott |

Defendant City of Grover Beach ("City") issues this response to address Plaintiff Christopher Scott Payne's ("Plaintiff") untimely Notice of Motion and Motion for Leave to File First Amended Complaint ("Motion for Leave to Amend").

## I. <u>BACKGROUND</u>

On February 27, 2026, Plaintiff filed his first motion for leave to file a First Amended Complaint ("FAC"). (Dkt. 48.) The Court denied Plaintiff's motion for failure to comply with a number of Local Rules. (Dkt. 49.) On March 18, 2026, the Court

issued an order outlining how the Plaintiff may file a motion for leave to file a FAC. (Dkt. 51.) The Plaintiff did not file a FAC and the City informed the Court that Plaintiff had stopped responding to emails about his plan to file a FAC. (Dkt. 54.)

On May 27, 2026, the Court issued a Case Management and Scheduling Order setting deadlines. (Dkt. 58.) In its Case Management and Scheduling Order, the Court described how a party may request an extension of time for any of the deadlines set forth in the Order by either filing a stipulation signed by all affected parties or a motion demonstrating good cause through an explanation of why an extension is needed and a description of the requesting party's diligent efforts to meet the filing deadline. (Case Management and Scheduling Order, pg. 4–5.) The Case Management and Scheduling Order stated that any motion demonstrating good cause must be "filed ***before*** the deadline has expired." (Case Management and Scheduling Order, pg. 5 [original emphasis].)

LOZANO SMITH
7404 N. Spalding Ave., Fresno, CA 93720
Tel 559-431-5600 Fax 559-261-9366

## II. SUMMARY OF LAW

> Where. . . a party seeks leave to amend after the deadline set in the scheduling order has passed, the party's request is judged under Federal Rule of Civil Procedure ("FRCP") 16's "good cause" standard rather than the "liberal amendment policy" of FRCP 15(a). The central inquiry under Fed. R. Civ. P. 16(b)(4) is whether the requesting party was diligent in seeking the amendment.

(*DRK Photo v. McGraw-Hill Global Education Holdings, LLC* (9th Cir. 2017) 870 F.3d 978, 989 (citations omitted).)

"[A] district court may modify the pretrial schedule if it cannot reasonably be met despite the diligence of the party seeking the extension. . . . carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." (*Johnson v. Mammoth Recreations, Inc.* (9th Cir. 1992) 975 F.2d 604, 609 (citations and quotation marks omitted).) "[T]he focus of the Rule 16(b) inquiry is upon the moving party's reasons for seeking modification. . . if that party was not diligent, the inquiry should end." (*In re Western States Wholesale Natural Gas Antitrust Litigation* (9th Cir. 2013) 715 F.3d 716, 737 (citation and quotations marks omitted, alterations accepted).) "[T]he

existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion[.]" (*Johnson*, 975 F.2d at 609.)

While the Supreme Court has granted pro se plaintiffs some leeway on issues such as how pleadings should be construed, it has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel." (*McNeil v. U.S.* (1993) 508 U.S. 106, 113.) Generally, "pro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record." (*Jacobsen v. Filler* (9th Cir. 1986) 790 F.2d 1362, 1364.)

A pro se complaint may be dismissed "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." (*Nordstrom v. Ryan* (9th Cir. 2014) 762 F.3d 903, 908 (citation omitted).)

LOZANO SMITH
7404 N. Spalding Ave., Fresno, CA 93720
Tel 559-431-5600 Fax 559-261-9366

## III. ARGUMENT

Here, Plaintiff has not shown that he was diligent in seeking to amend his Complaint. The Court instructed Plaintiff on how to properly submit a motion for leave to file a FAC on March 18, 2026. (Dkt. 51.) Almost eight (8) months elapsed between the Court issuing its instructions and Plaintiff filing his Motion for Leave to Amend. Moreover, the Court issued its instruction prior to Plaintiff allegedly being "threatened" in April 2026 and prior to his alleged assault in May 2026. (Motion for Leave to Amend, Declaration of Christopher Scott Payne ¶ 3.) Plaintiff does not explain why he did not begin the process of filing his Motion for Leave to Amend after the Court issued its instruction, nor why he could not have done so in the months after the alleged events of April and May 2026.

Further, Plaintiff's Declaration is extremely vague and does not adequately explain why he allowed almost nine (9) months to pass before filing his Motion for Leave to Amend. Specifically, Plaintiff's Declaration does not explain how having an individual threaten him precluded him from complying with his responsibilities as a party to litigation, give an estimate of how long he was in the hospital after his alleged assault, or explain why after a seemingly random assault he did not feel safe working on this case.

Instead of satisfying the diligence standard of Rule 16 by outlining the steps he took to comply with the deadlines set by the Court, Plaintiff's Declaration features implausible excuses for his failure to comply with the Court's Orders.

There are also grounds to doubt the veracity of Plaintiff's statements in his declaration. Plaintiff has admitted to deceiving the Court before by filing a document that falsely claimed that he had reached a settlement with the City. (Dkt. 65, 66; see Dkt. 78, Plaintiff's Correction of the Record Regarding Dockets 21, 65, 71, and 72.) While Plaintiff attempts to minimize the seriousness of his actions by blaming an artificial-intelligence drafting tool, his explanation does not excuse his decision to file a document replete with false statements without adequately reviewing it.

Additionally, Plaintiff's current Motion for Leave to Amend does not comply with Local Rules. Plaintiff did not set a hearing date at least twenty-eight (28) days after he filed the Motion. (Local Rule 6-1.) And while Plaintiff did ask counsel for the City to meet and confer in his email sent on October 23, 2026, he never detailed the specific matter or topic he wanted to meet and confer regarding. (Exhibit 1.) Then, on October 26, 2026, Plaintiff emailed counsel for the City again (Exhibit 2.) Though his October 26 email stated that he was "writing to meet and confer regarding Plaintiff's proposed" FAC, Plaintiff never suggested dates or times to meet and confer. Instead, he ended his email by asking if the City would stipulate to filing of the FAC.

Granting the Motion for Leave to Amend would prejudice the City. Magistrate Judge Hon. Karen E. Scott's Report and Recommendations ("Report") are currently before the District Court. (Dkt. 69.) The Report recommends that the City's Motion for Judgment on the Pleadings (Dkt. 61) be dismissed as moot based on the accompanying recommendation that the case be dismissed. By granting Plaintiff's Motion for Leave to Amend, the Court would functionally deny the City's Motion for Judgment on the Pleadings without considering the issues raised in the City's Motion.

Moreover, the FAC does not address or rectify the issues highlighted in the City's Motion for Judgment on the Pleadings, which means that Plaintiff's proposed amendment

LOZANO SMITH
7404 N. Spalding Ave., Fresno, CA 93720
Tel 559-431-5600 Fax 559-261-9366

would be futile. Plaintiff also fails to point to any new information that he obtained since the filing of his original Complaint that would support granting leave to amend. In essence, Plaintiff does not give "reasons for seeking modification" other than to correct his earlier mistakes, which he could have done at the beginning of this case. (*In re Western States Wholesale Natural Gas Antitrust Litigation*, 715 F.3d at 737.)

Granting Plaintiff's Motion for Leave to Amend at this juncture would be an example of interpreting "procedural rules in ordinary civil litigation" in such a way "so as to excuse mistakes by those who proceed without counsel." (*McNeil*, 508 U.S. at 113.) Over the course of this litigation, Plaintiff has repeatedly missed numerous deadlines, failed to comply with Local Rules, failed to comply with Court Orders, and has filed documents littered with false representations. If an attorney behaved this way before the Court, it is likely that that matter on which s/he appeared would be dismissed and the attorney would be sanctioned for her/his conduct. The City respectfully asks the Court to not to treat Plaintiff "more favorably than [a] part[y] with attorneys of record." (*Jacobsen*, 790 F.2d at 1364.)

For the reasons stated above, the City respectfully requests that the Court deny Plaintiff's Motion for Leave to Amend.

Dated: November 23, 2026

Respectfully submitted,

**LOZANO SMITH**

Wiley R. Driskill
Karmdeep S. Gill
Attorneys for Defendant
CITY OF GROVER BEACH

LOZANO SMITH
7404 N. Spalding Ave., Fresno, CA 93720
Tel 559-431-5600 Fax 559-261-9366

# PROOF OF SERVICE

I, **Tomás González,** am employed in the County of Fresno, State of California. I am over the age of eighteen years and not a party to the within entitled cause; my business address is 7404 N. Spalding Ave., Fresno, California, 93720. **FOR ELECTRONIC SERVICE:** My email address is **tgonzalez@lozanosmith.com**.

On November 23, 2026, I served the attached:

**DEFENDANT CITY OF GROVER BEACH'S RESPONSE TO PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT**

on the interested parties in said cause, by causing delivery to be made by the mode of service indicated below:

Christopher Scott Payne
P.O. Box 1318, M/S 3147
Sacramento, CA 95812
***PRO SE***
Email: paynec9@icloud.com
castillochristen33@gmail.com
lost.yet.another21@gmail.com
green.eggs.ham.run@gmail.com

LOZANO SMITH
7404 N. Spalding Ave., Fresno, CA 93720
Tel 559-431-5600 Fax 559-261-9366

[ X ] (***Regular U.S. Mail***) on all parties in said action in accordance with Code of Civil Procedure Section 1013, by placing a true and correct copy thereof enclosed in a sealed envelope in a designated area for outgoing mail, addressed as set forth above, at Lozano Smith, which mail placed in that designated area is given the correct amount of postage and is deposited at the Post Office that same day, in the ordinary course of business, in a United States mailbox in the County of Fresno.

[ X ] (***By Electronic Mail***) on all parties in said action by transmitting a true and correct to the persons at the email addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on November 23, 2026, at Fresno, California.

Tomás González