Wiley R. Driskill, SBN 253913
Karmdeep Gill, SBN 317358
LOZANO SMITH
7404 N. Spalding Avenue
Fresno, CA 93720-3370
Telephone: (559) 431-5600
Facsimile: (559) 261-9366
Emails: wdriskill@lozanosmith.com
kgill@lozanosmith.com

Attorneys for Defendant
CITY OF GROVER BEACH

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER SCOTT PAYNE, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF GROVER BEACH, a municipal entity,<br><br>Defendant. | Case No. 2:25-cv-12282-CV-KES<br><br>**DEFENDANT CITY OF GROVER BEACH'S RESPONSE TO PLAINTIFF'S EX PARTE APPLICATION FOR LEAVE TO FILE OBJECTIONS AFTER THE DEADLINE**<br><br>Action Filed: December 29, 2025<br>Judge: Hon. Karen E. Scott<br><br>Date:<br>Time:<br>Courtroom: 6D, 6th Floor<br>Judge: Hon. Karen E. Scott |

Defendant City of Grover Beach ("City") issues this response to address Plaintiff Christopher Scott Payne's ("Plaintiff") Ex Parte Application for Leave to File Objections after the Deadline ("Ex Parte Application").

## I. <u>BACKGROUND</u>

On October 1, 2026, Magistrate Judge Hon. Karen E. Scott issued a Report and Recommendations in this matter. (Dkt. 69.) Concurrently, Magistrate Judge Hon. Karen E. Scott issued a Notice of Filing of Magistrate Judge's Report and Recommendations



LOZANO SMITH
7404 N. Spalding Ave., Fresno, CA 93720
Tel 559-431-5600 Fax 559-261-9366

(“Report”) in which the parties were given until October 19, 2026, to file and serve a written statement of Objections, with points and authorities in support thereof, to the Report and Recommendations. (Dkt. 70.) The Notice of Filing of Magistrate Judge’s Report and Recommendations stated that “[f]ailure to object within the time limit specified shall be deemed a consent to any proposed findings of fact” and, “upon expiration of the time for filing Objections,” the case would be submitted to the District Judge for disposition. (Dkt. 70.) On October 31, 2026, Plaintiff filed his Objections to Magistrate Judge’s Report and Recommendation (“Objections”). (Dkt. 74.) On November 9, 2026, Plaintiff filed his Ex Parte Application. (Dkt. 77.)

## II. ARGUMENT

“[I]nadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute ‘excusable’ neglect[.]” (*Pryor v. Aerotek Scientific, LLC* (C.D. Cal. 2011) 278 F.R.D. 516, 521 (quoting *Pioneer Investment Services Co. v. Brunswick Assoc. Ltd. Partnership* (1993) 507 U.S. 380, 392).)

> A determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith.

(*Id.* (citation and quotation marks omitted).)

Here, the City would be prejudiced by extending the deadline in which Plaintiff may file his Objections because the deadline for the City’s response to any objections to the Report has already expired. (See Notice of Filing of Magistrate Judge’s Report and Recommendations, Dkt. 70.) Moreover, the length of delay has been substantial when considering that the Report recommended dismissal of this matter. Plaintiff had an opportunity to request an extension much closer to the October 19, 2026, deadline, as evidenced by the fact that he has submitted numerous filings between that date and the date of the filing of his Ex Parte Application.

The reason for delay factor also weighs in favor of the City. In other filings, Plaintiff claimed that he did not feel safe working on this case until September 20, 2026,

LOZANO SMITH
7404 N. Spalding Ave., Fresno, CA 93720
Tel 559-431-5600 Fax 559-261-9366

LOZANO SMITH
7404 N. Spalding Ave., Fresno, CA 93720
Tel 559-431-5600 Fax 559-261-9366

which would have given him time to submit his Objections within the deadline set by the Court. (See Notice of Motion and Motion for Leave to File First Amended Complaint, Declaration of Christopher Scott Payne ¶ 3 (Dkt. 80).) Now, he states that he did not have access to his email account at some point in October due to thefts of his personal belongings, but he does not attest that he ever reported any thefts; provide any documentation, such as a police report, to corroborate his allegations of theft; or even give a clear timeline of when these alleged thefts occurred. (See Ex Parte Application, Declaration of Christopher Scott Payne ¶ 4.) Further, in his filing misleadingly titled "Joint Motion to Stay Proceedings Pending Execution of Settlement Agreement," Plaintiff used the same email address that he used to file his Ex Parte Application. (See Joint Motion to Stay Proceedings Pending Execution of Settlement; Response to Order to Show Cause (Dkt. 65).) Plaintiff's vague, uncorroborated allegations of dealing with multiple implausible incidents over the pendency of this case are insufficient to explain why he failed to check this email account when he knew that proceedings were ongoing, especially when taking into consideration Plaintiff's inability to comply with his duty of candor to the Court throughout these proceedings.

Nor is Plaintiff acting in good faith, as evidenced by his statements in his Ex Parte Application. First, he alleges that counsel for the City did not respond to his email regarding his Ex Parte Application. That is not true. Counsel for the City responded the next day and informed Plaintiff that the City would oppose his Ex Parte Application. (Exhibit 1.) Additionally, Plaintiff alleges that he never received a response to his settlement offer, which led him to file his misleadingly titled "Joint Motion to Stay Proceedings Pending Execution of Settlement Agreement," because he believed that the parties had reached a conditional settlement after he submitted the offer to counsel for the City on September 17, 2026. (See Ex Parte Application, Declaration of Christopher Scott Payne ¶ 6.) However, in another filing, Plaintiff admits that he had given the City until October 1, 2026, to respond to his offer, but still went ahead with the filing of a document featuring numerous false statements the day after he submitted his settlement offer. (See

Plaintiff's Correction of the Record Regarding Dockets 21, 65, 71, and 72, Declaration of Christopher Scott Payne ¶ ¶ 2, 3 (Dkt. 78.).) Plaintiff's repeated telling of half-truths and outright falsehoods during this case shows that he has not been acting in good faith.

For the reasons stated above, the City requests that the Court disregard Plaintiff's Ex Parte Application.

Dated: November 23, 2026

Respectfully submitted,

**LOZANO SMITH**

Wiley R. Driskill
Karmdeep S. Gill
Attorneys for Defendant
CITY OF GROVER BEACH

LOZANO SMITH
7404 N. Spalding Ave., Fresno, CA 93720
Tel 559-431-5600 Fax 559-261-9366

## PROOF OF SERVICE

I, **Tomás González,** am employed in the County of Fresno, State of California. I am over the age of eighteen years and not a party to the within entitled cause; my business address is 7404 N. Spalding Ave., Fresno, California, 93720. **FOR ELECTRONIC SERVICE:** My email address is **tgonzalez@lozanosmith.com**.

On November 23, 2026, I served the attached:

**DEFENDANT CITY OF GROVER BEACH'S RESPONSE TO PLAINTIFF'S EX PARTE APPLICATION FOR LEAVE TO FILE OBJECTIONS AFTER THE DEADLINE**

on the interested parties in said cause, by causing delivery to be made by the mode of service indicated below:

Christopher Scott Payne
P.O. Box 1318, M/S 3147
Sacramento, CA 95812
***PRO SE***
Email: paynec9@icloud.com
castillochristen33@gmail.com
lost.yet.another21@gmail.com
green.eggs.ham.run@gmail.com

LOZANO SMITH
7404 N. Spalding Ave., Fresno, CA 93720
Tel 559-431-5600 Fax 559-261-9366

[ X ] (***Regular U.S. Mail***) on all parties in said action in accordance with Code of Civil Procedure Section 1013, by placing a true and correct copy thereof enclosed in a sealed envelope in a designated area for outgoing mail, addressed as set forth above, at Lozano Smith, which mail placed in that designated area is given the correct amount of postage and is deposited at the Post Office that same day, in the ordinary course of business, in a United States mailbox in the County of Fresno.

[ X ] (***By Electronic Mail***) on all parties in said action by transmitting a true and correct to the persons at the email addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on November 23, 2026, at Fresno, California.

Tomás González